## SUPREME COURT.

### SUSAN S. FRANKLYN and HENRY DAY agt. JOHN N. HAYWARD *et al.*

*Foreclosure of mortgage — Second foreclosure — Strict foreclosure — Parties — Merger — Subrogation.*

Where A., who purchased certain mortgaged premises at a foreclosure sale, afterwards executed a mortgage upon said property, which mortgage was subsequently assigned to B. ; and then it being first learned that at the time of the foreclosure C. had a junior mortgage on the premises, and that he, through mistake, had not been made a party to the action. A. took an assignment of the foreclosed bond and mortgage, and joined with B. in this action for a second foreclosure of the mortgage, C. being made defendant :

*Held,* upon demurrer by C., that such second foreclosure action can be maintained, and thereby C.'s mortgage be shut off from being a first lien, the mortgage lien anterior to C.'s not being thereby increased.

B. is a proper party to the suit.

With respect to merger no inflexible rule can be formulated. The question depends in each case upon the interests and intent of the parties, and the demands of justice and equity.

*Special Term, March,* 1881.

DEMURRER to complaint.

*Aaron J. Vanderpoel,* for the demurrer.

*Daniel D. Lord,* opposed.

VAN VORST, J. — The defendant Hayward, who held a junior mortgage, was not made a party to the action in which a judgment of foreclosure and sale was made under a previous mortgage executed by Richard M. Tweed. That foreclosure, did not affect the defendant Hayward, and his interest remained the same as though that foreclosure had not been

ordered. The omission to make Hayward a party to the previous foreclosure action arose through a mistake of fact. The register did not, on his return to the requisition of the plaintiffs in that action for incumbrances, make any mention of the Hayward mortgage, and he and his attorney were in entire ignorance of its existence until long after the sale under the judgment of foreclosure, and after rights had been acquired by others through the purchaser at the sale. At the foreclosure sale made on the 25th March, 1879, the mortgaged premises were bid off by Susan S. Franklyn, who is one of the plaintiffs in this action, for the sum of $121,000, and on the 22d day of April, 1879, the referee's deed was delivered to her, and she entered upon the premises, and has ever since maintained possession.

On the 14th September, 1880, the plaintiff, Susan S. Franklyn, executed a mortgage upon the premises, with other property, to the Mutual Life Insurance Company for the sum of $140,000, on which she received from the company $50,000. After this, and on the 19th September, the plaintiffs were first advised of the existence of the Hayward mortgage, and that the same had been overlooked.

It was at this point that the plaintiff Henry Day intervened, and on the 22d day of September, 1880, he paid the $50,000 which had been loaned and advanced by the Mutual Life Insurance Company, and took an assignment of its mortgage to himself.

Afterwards, and on the 26th day of October, 1880, Charles G. Franklyn, the holder of the mortgage which had been foreclosed, assigned that mortgage, with the bond accompanying the same, to George C. Allen, who on the same day assigned the same to Susan S. Franklyn, the purchaser of the mortgaged premises at the sale under the judgment of foreclosure, and this action was commenced by her for a second foreclosure of the mortgage, Henry Day being united with her as a plaintiff in the action.

Hayward, the owner and holder of the second mortgage,

who was omitted as a party in the former action, is now made a defendant. The substantial question raised by the demurrer is, can this action be maintained? It is objected that the complaint does not state facts sufficient to constitute a cause of action.

It is claimed by the learned counsel for the defendant, in substance, that the mortgage first above described became merged in the judgment of foreclosure and is absolutely extinguished, and cannot be made the foundation of a new proceeding of that nature, and that the plaintiff Susan S. Franklyn holds the land and nothing else ; and that the land is subject to the mortgage of the defendant Hayward as a first lien thereon.

If that claim be upheld it will be to prefer absolutely the Hayward mortgage to that executed by Susan S. Franklyn, after she had acquired title to the mortgaged premises, to the Mutual Life Insurance Company, and which is now held by the plaintiff Henry Day.

On the subject of merger there can be no inflexible rule formulated. A court of equity will consider all the facts, and will determine the question in every case according to the interests and intent of the parties and the demands of substantial justice and equity.

To hold, under the facts and circumstances of this case, that the purchaser at the foreclosure sale, and those who claim through her, are remediless through the omission to make Hayward a party to the former action of foreclosure would be inequitable. And if redress can only be had by reviving the first mortgage and allowing it to be again foreclosed such result must be accepted. And it is not discoverable how the defendant will be prejudiced or deprived of his just rights by such course. He has parted with no new consideration on the strength of that foreclosure, and if he has gained any apparent advantage it is through an omission originating in a mistake of fact on the part of those who conducted that proceeding. He is exposed to no greater peril by being made a party

defendant to this action than he would have been if he had been brought in as a defendant in the former action. It cannot be improper to allow that to be done now which should have been done then had the facts been known. This action being brought by a mortgagee in possession, or rather by one purchasing under a mortgage which has been foreclosed, is of the nature of a strict foreclosure.

A sale is, however, asked in the prayer for relief, which is not usually demanded in cases of strict foreclosure. Actions of strict foreclosure are of rare occurrence, yet they have been favored under circumstances similar to those here existing (*Benedict* agt. *Gilman,* 4 *Paige,* 58 ; *Ross* agt. *Boardman,* 22 *Hun,* 527, *and cases there cited*).

I conclude that Henry Day is not an improper party to this action. He should be placed in such position that he may be adjudged to receive out of the proceeds of the sale, if one be ordered, the sum advanced by him on the purchase of the mortgage to the Mutual Insurance Company.

Mrs. Franklyn, by her purchase at the foreclosure sale, succeeded to the rights of the mortgagee in the prior mortgage. She intended to create a first mortgage and give a security of that nature to the insurance company. Mr. Day occupies the position of the insurance company and should be subrogated to all its rights, which would include a right to participate in the proceeds realized by the plaintiff Susan S. Franklyn on her mortgage to the amount of the moneys advanced by him, with interest. This will not, in fact, increase the amount of the mortgage lien, anterior to that of the defendant Hayward's mortgage, above what it was before the first foreclosure suit was commenced.

It is not proper at this time to state the precise nature of the relief which the plaintiff will be entitled to, nor, in detail, the manner in which the rights and equities of all the parties will be best protected. Doubtless, on the trial, should an answer be interposed, their rights will be presented and cared for in a manner to inflict no real injury on any one. It is suf-

ficient now to say that the allegations of the complaint disclose a cause of action, and that Mr. Day is a proper party to the suit. There is no misjoinder of causes of action.

There should be judgment for the plaintiffs on the demurrer, with liberty to the defendants to answer on payment of costs.