EMILY A. MOULTON, Respondent, *v.* NEHEMIAH N. CORNISH, Appellant.

The right to a judicial sale of mortgaged premises to pay the debt secured is, in this state, one of the incidents of the mortgage contract, and if the mortgagor is in default, the mortgagee is entitled to the enjoyment of this right unimpaired ; this can only be secured to him by a sale in an action or proceeding to which he is a party.

Where the plaintiff in a foreclosure suit has purchased the premises on foreclosure sale and has taken possession, as to the holder of a subsequent mortgage, who was not made a party to the action, he occupies simply the position of a mortgagee in possession ; the estate the mortgagor had when he executed the subsequent mortgage is still subject to its lien.

To entitle such purchaser to relief, by way of an action for strict foreclosure, he must show that he purchased in good faith, relying upon the regularity and sufficiency of the proceedings ; also, that the subsequent lienor had knowledge of the sale and permitted the purchaser to make the purchase without disclosing the ' existence of his incumbrance or calling attention to the defect in the proceedings.

*It seems,* however, the purchaser may at any time foreclose his mortgage as against the holder of the subsequent mortgage notwithstanding the prior defective foreclosure.

Plaintiff was the owner of a mortgage covering three farms; she commenced a foreclosure thereof without making defendant, who owned a subsequent mortgage covering the same property, a party. After judgment of foreclosure and sale, upon motion of plaintiff, an order was granted giving her leave to open the judgment and amend by making defendant a party; she did not avail herself of this privilege, and the property was sold under the judgment. The terms of sale stated that the property was sold clear of all incumbrances, except defendant's mortgage. Plaintiff bid off one of the farms, received a deed and went into possession. The other farms were bid off by other parties. *Held,* that an action for strict foreclosure of plaintiff's mortgage was not maintainable.

The judgment rendered adjudged defendant's mortgage to be an existing lien; that if he desired to redeem, he should within a time specified give plaintiff notice thereof, and if he failed to do this, that he be barred and foreclosed from all right and equity of redemption. If defendant gave the notice, provision was made for an accounting to ascertain the amount to be paid by defendant upon redemption. *Held,* that plaintiff was not entitled to the relief granted; also, that the judgment was appealable to this court.

A judgment is final within the purview of the provision of the Code of Civil Procedure (§ 190) in reference to appeals to this court, where it

fully and completely disposes of the substantial rights of the parties at issue under the pleadings, and may conclude the appellant without the entry of a further judgment; although in a certain contingency, dependent upon his action, it provides for the taking and stating of an account and the payment of a sum found due, as a condition precedent to rights accorded to him.

*Moulton* v. *Cornish* (61 Hun, 438), reversed.

(Submitted March 23, 1893; decided April 18, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 17, 1891, which modified and affirmed, as modified, a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action for the foreclosure of a mortgage.

The facts, so far as material, are stated in the opinion.

*E. J. Richardson* and *Samuel Keeler* for appellant. The judgment appealed from is unwarranted and harsh, and is in an action disfavored by the courts of this country, not allowed in many of the states, and generally regarded in courts of equity a severe remedy, the severest of all processes, "now rarely pursued or allowed, except in cases where a foreclosure by an equitable action has been defectively conducted and some judgment creditor or other subsequent lienor or incumbrancer, not having been made a party to the action, has a right to redeem." (Wiltsie on Mort. 923, 925, 926, 1015, § 5.) The action of strict foreclosure is clearly limited to unusual cases, where such an action is the only remedy by which complete justice can be rendered to all the parties in interest. (Jones on Mort. § 1538 ; Thomas on Mort. 390 ; Wiltsie on Mort. §§ 826–833.) Under the circumstances and conditions of the sale and purchase, the plaintiff was not a *bona fide* purchaser of the portion of the mortgaged premises bid in by her upon the sale of the whole thereof. (*Jewett* v. *Palmer*, 7 Johns. Ch. 65 ; *Pidgett* v. *Lawrence*, 10 Paige, 170.) The defendant not having been made a party to the plaintiff's foreclosure under which she purchased, that foreclosure was as to him wholly inoperative and left his mortgage

as valid a lien for all purposes in his interests as it was before such foreclosure, and the sale thereunder did not affect any of his rights and equities as the owner and holder of the mortgage assigned to him as aforesaid found by the trial court. (*Gage* v. *Brewster,* 31 N. Y. 218; *Brainard* v. *Cooper,* 10 id. 356; *Peabody* v. *Roberts,* 47 Barb. 92, 97; *Fuller* v. *Van Gusen,* 4 Hill, 171; *Winslow* v. *McCall,* 32 Barb. 241.) The severe remedy of a strict foreclosure, which transfers the absolute title without any sale, no matter what the value of the premises, should be held to be abolished by the Code. (Code Civ. Pro. §§ 1626, 1628; *Suydam* v. *Bartle,* 9 Paige, 294; *In re Collins,* 17 Hun, 289; *Scofield* v. *Doscher,* 72 N. Y. 491; *E. L. Ins. Society* v. *Stevens,* 63 id. 343; Thomas on Mort. § 1143; Wiltsie on Mort. § 833.) If this court shall decide that the action for strict foreclosure is not abolished or prohibited by section 1626 of the Code of Civil Procedure, then it is submitted that the plaintiff cannot maintain this action, for the reason that "after final judgment for the plaintiff," in her action to foreclose her mortgage upon the real property, she commenced and prosecuted this action to judgment "without leave of the court in which the former action was brought." (Code, § 1628; *McKernan* v. *Robinson,* 84 N. Y. 105, 106; *Scofield* v. *Doscher,* 72 id. 491; *Cook* v. *Grant,* 1 Paige, 407; *E. L. Ins. Society* v. *Stevens,* 63 N. Y. 341; *Suydam* v. *Bartle,* 9 Paige, 294.) Upon the circumstances of the case and under the Recording Act, it is submitted the only relief to which plaintiff is entitled, if at all in the proper action, is that of redemption by her of the portion of the mortgaged premises bid off by her from the defendant's mortgage. (*Decker* v. *Boice,* 83 N. Y. 215; *Bacon* v. *Van Schoonhoven,* 87 id. 446; *A., etc., Co.* v. *B., etc., R. R. Co.,* 61 Iowa, 464.) The decision by the court and the judgment requires the referee to ascertain the value of the use and occupation of the premises bid off by plaintiff, but nowhere requires him to ascertain the value of the use and occupation of the other and more valuable portions of the mortgaged premises which sold for

$2,500 more than plaintiff's portion. Defendant's mortgage covering both premises, he was entitled to the benefit of an application of the rents and profits of Flanagan's portions. This omission clearly entitles defendant to a new trial. (*Bolles* v. *Duff*, 43 N. Y. 409; Wiltsie on Mort. §§ 160, 832, 839, 840; *Peabody* v. *Roberts*, 47 Barb. 92, 102; *Vanderkemp* v. *Shelton*, 11 Paige, 28, 39, 40; Thomas on Mort. [2d ed.] § 692; *Chilver* v. *Weston*, 27 N. J. Eq. 439; *Wells* v. *Pierce*, 33 How. Pr. 421; 4 Abb. Ct. App. Dec. 559, 562; *Atwater* v. *West*, 28 N. J. Eq. 361, 363; *Stewart* v. *Johnson*, 30 Ohio St. 24; *Besser* v. *Hawthorne*, 3 Ore. 129, 136, 137; Id. 502, 515; *Walsh* v. *Rutgers*, 13 Abb. Pr. 33, 37–40.) Plaintiff and Flanagan having purchased with notice of, and expressly subject to, defendant's mortgage, defendant became entitled to have his mortgage foreclosed and paid, without any claim by plaintiff, out of the proceeds of a sale. (*Haverly* v. *Berker*, 4 N. Y. 169; *Lanning* v. *Thompson*, 45 Barb. 316; *Stoutimore* v. *Clark*, 70 Mo. 471; *Johnson* v. *Thompson*, 129 Mass. 398.) It is submitted that this court should reverse the judgment upon the exceptions to findings of the trial court and the refusals to find as requested. (*Halpin* v. *P. Ins. Co.*, 118 N. Y. 165; *Todd* v. *U. D. S. Inst.*, Id. 343; 79 id. 224; *In re Eysamen*, 113 id. 62.) The plaintiff could not maintain this action without the presence of other parties, viz., the purchasers of the other parcels of the mortgaged premises sold — the Klock farm and the Eels farm. (Code Civ. Pro. § 452; *White* v. *Farthing*, 101 N. Y. 344.)

*C. M. & G. E. Dennison* for respondent. The judgment being interlocutory, no appeal lies to this court. (*McKeown* v. *Officer*, 127 N. Y. 687; *Victory* v. *Blood*, 93 id. 650; *Raynor* v. *Raynor*, 94 id. 248; *Walker* v. *Spencer*, 96 id. 162; *C. V. N. Bank* v. *Lynch*, 76 id. 516; *Clark* v. *Brooks*, 2 Abb. [N. S.] 385; *Tompkins* v. *Hyatt*, 19 N. Y. 534; *Tilton* v. *Vail*, 117 id. 520.) The question whether or not the sale was properly postponed from March second to March sixteenth cannot be raised by Cornish. He is estopped. (*Oliver* v.

*Bennett*, 65 N. Y. 559; *Brown* v. *Nichols*, 42 id. 26.) The right to maintain the present action to compel Cornish to redeem is clearly settled. (*Bolles* v. *Duff*, 43 N. Y. 474; *Kendall* v. *Treadwell*, 14 How. Pr. 165; *Benedict* v. *Gilman*, 4 Paige, 58; *Robinson* v. *Ryan*, 25 N. Y. 320; *Jackson* v. *Bowen*, 7 Cow. 13; *Winslow* v. *Clark*, 47 N. Y. 261; *Salmon* v. *Allen*, 11 Hun, 29; *Parker* v. *Child*, 25 N. J. Eq. 41.) There is no force in the objection that there is a defect of parties, because the purchasers of the other parcels (the Klock and Eels farms) were not made parties defendant in the action. (Code Civ. Pro. § 488; *Ousterhoudt* v. *Bd. Suprs.*, 98 N. Y. 239; *White* v. *Farthing*, 101 id. 344.)

MAYNARD, J. In 1886 the plaintiff was the owner of a mortgage, given to secure the payment of eighty-six hundred and fifty dollars and interest, upon three several lots of land in the town of Floyd, Oneida county, known as the Klock, Eells and Tavern farms, and the defendant was the owner of a subsequent mortgage upon the same property given to secure the payment of $2,500 and interest, which, with the assignments to him, were recorded in the Oneida county clerk's office.

On May 16th, the plaintiff commenced an action in the Supreme Court for the foreclosure of her mortgage, but omitted to make the defendant a party thereto. This omission was not intentional, but the plaintiff was misled by an abstract of a search obtained from the clerk's office, from which it might have been fairly inferred that the defendant's assignment was one in a series of transfers, and that the title to his mortgage was in another, who was made a defendant, and who appeared from the abstract to be a subsequent assignee. If a full statement of the search in the usual form had been obtained by the plaintiff, the interest of the defendant in the mortgaged property would have correctly appeared. The action resulted in a judgment entered December 27, 1888, decreeing a foreclosure of the plaintiff's mortgage, and a sale of the mortgaged premises by a referee pursuant to the pro-

visions of the Code, and the practice of the court in such
cases. The premises were first advertised by the referee to
be sold on March 2, 1889. Before that time the plaintiff dis-
covered that the defendant was a necessary party to the
complete foreclosure of her mortgage, and she procured the
sale to be postponed until March 16th; and made a motion,
at a Special Term held at Syracuse on that day, for an
order granting her leave to amend the summons, complaint,
*lis pendens* and judgment in the action by inserting therein
the name of this defendant, and adjudging and decreeing
that he be forever barred and foreclosed of all right, title,
interest and equity of redemption in the mortgaged prem-
ises, or for such further order or relief as the court might
deem proper to grant. Upon the hearing of that motion, the
court made an order, which was entered, and which has not
been reversed or vacated, directing that upon payment of $10
costs, the plaintiff might, if she so elected, open the judgment
in the foreclosure suit, and amend the summons, complaint,
*lis pendens* and all subsequent proceedings, by making this
defendant a defendant in that action, and inserting the neces-
sary allegations for that purpose, and that the amended sum-
mons and complaint be served on him, and that he have the
usual time to answer. The plaintiff did not avail herself of
the privilege afforded by this order, and on March 16, 1889,
the referee proceeded to sell the mortgaged premises. At the
opening of the sale, and before selling, the referee announced
and read the conditions of sale, which were in the usual form,
except the last paragraph, which was in these words:
" 7. The property is sold free and clear of any and all rights
of dower, charge or lien upon the same, except that it is
claimed by one Nehemiah N. Cornish (the defendant in this
action) that he is the owner by assignment, of a mortgage
made by Ichabod C. McIntosh to Miriam M. Kellogg, covering
the premises in question, dated February 1st, 1878, to secure
the payment of $2,500, whic¹ mortgage was recorded in
Oneida county clerk's office February 13th, 1878, and is a second
lien upon said mortgaged premises. Cornish has not been

made a party defendant to this action." The plaintiff bid off the property known as the Tavern farm, and the referee on the same day executed to her a deed, and very soon thereafter she went into possession. The sale was confirmed on the 6th of April, and on April 9th, this action for a strict foreclosure was brought. The other farms were bid off by other parties, who have not been made defendants in this action. The plaintiff has recovered a judgment which, as modified by the General Term, decrees: 1st, that the defendant's mortgage is an existing lien on the lands purchased by plaintiff upon the foreclosure of her mortgage, and was not affected by such foreclosure because not made a party to the action; 2d, that if the defendant desires to redeem the land bid off by the plaintiff upon her mortgage, he shall within ten days from the service of a copy of the judgment, give the plaintiff notice of his desire and intent to do so. If such notice is not given within the time specified, it is ordered and adjudged, that the defendant and all persons claiming under him, do stand and be forever barred and foreclosed of and from all right, title, interest and equity of redemption of, in and to such premises, and all liens which he may have had thereon at the time of the commencement of the foreclosure action, by virtue of his mortgage or otherwise, are to be adjudged as cut off and foreclosed, and the plaintiff shall hold the title thereto, free from such liens, and the defendant shall pay the costs of the action; 3d, if the defendant gives notice of his intention to redeem, within the time required, the plaintiff may apply on notice to the Special Term, for the appointment of a referee, to take and state the account of the plaintiff, and to determine her interest in the mortgage debt, as applicable to the lands bid off by her, and the referee's report shall be made up according to certain directions contained in the judgment, and shall fix and determine the amount the defendant shall be required to pay upon such redemption, and the amount so found due by the referee, with the interest thereon, shall be paid by the defendant within six months from the service of a copy of the report, and if paid within such time, the payment

shall operate as a redemption of the premises from the plaintiff's mortgage, and her title acquired at the sale shall become vested in him, and she shall, by a proper conveyance, convey the premises to him free and clear from the lien of her mortgage, and neither party shall have costs of the action; but if the defendant fails to complete the redemption in the manner, and within the time specified, it is ordered and adjudged, that the lien of his mortgage is cut off and removed, and the plaintiff is deemed to hold the premises free and clear of such lien, and the defendant shall pay the costs of the action.

The material facts are not disputed, and we are of the opinion that upon the proofs submitted and the findings of the trial court, the plaintiff was not entitled to the relief granted to her in this judgment.

The equitable remedy known as a strict foreclosure of a real property mortgage, has never been recognized in this state, save in a very limited class of cases.

In England it was the prevailing method of procedure, until the enactment of the statutes of 15 and 16 Victoria, ch. 86 (§ 48), known as the Chancery Improvement Act. It had its root in the common-law doctrine that, upon the execution of the mortgage, the mortgagee acquired the fee of the land, and upon default in payment, a right to the possession, and the mortgagor had no estate or interest therein, and no right of possession, after default had been made in the payment of the mortgage debt. The mortgagee's remedy was by ejectment, and in a court of law it was not an available defense for the mortgagor to plead that he was willing and ready to pay the debt, if he had once suffered a default to occur. In order to mitigate the hardships of this relation, equity permitted the mortgagor and his privies to redeem by discharging the mortgage debt, and by restoring to him the possession of the land if the mortgagee had taken possession. As it might be uncertain whether the mortgagor or subsequent lienors would ever avail themselves of the right of redemption, it was, while outstanding, a serious impediment to the alienation of the mortgaged property, and equity would, therefore, entertain an action to compel the parties entitled to this right, to exercise it by

paying within a reasonable time, the amount of the mortgage debt, or be forever barred or foreclosed of the right of redemption; and in case of redemption, the decree provided that the mortgagee should reconvey the lands to the mortgagor, or other party redeeming.

This proceeding has been termed a strict foreclosure, but it is apparent that it has no appropriate place in a system of laws and jurisprudence where it has been declared that the mortgage does not operate as a conveyance of the legal title, but is only a chose in action constituting a lien upon the land as security for the debt or other obligation of the mortgagor. The courts of this state have refused to adopt it as an authorized remedy in ordinary cases, and in this respect have followed the practice of the civil, rather than of the common law. In the Am. & Eng. Encyclopædia of Law (vol. 8, 186–7, tit. Foreclosure) it is stated that strict foreclosure is very rarely resorted to in the American courts; that in a large majority of the states it is not recognized; that in two it is the usual mode of procedure; and that in six of the states, including New York, it is permitted in exceptional cases.

The plaintiff here rests her right to this remedy principally upon the fact that she was the owner of a prior mortgage, which she had foreclosed, and that she became the purchaser of a part of the mortgaged property at the foreclosure sale, and that the defendant's subsequent mortgage was not cut off or affected by the foreclosure, because she did not make him a party to the foreclosure action. Before the sale occurred she had full knowledge that the defendant was the owner of the second mortgage, and leave was given her by the court to make him a party to the action, and so conclude him by the judgment, which she declined to accept, but caused the sale to proceed, and purchased the property upon such terms that both expressly and in legal effect, her purchase was subject to the lien of the defendant's mortgage.

Under such circumstances no case was made for a resort to this unusual, exceptional and severe remedy. It is insisted that, under the provisions of the Civil Code relating to fore-

closure actions, such a judgment as the one entered herein cannot be rendered in any case; but it is unnecessary to determine that question upon this appeal. We may assume that, in a proper case, jurisdiction still exists to relieve a purchaser at a foreclosure sale, who finds that, by reason of some defect in the proceedings, the lien of a subsequent incumbrance has not been extinguished; but the facts here shown are not sufficient to authorize the exercise of that jurisdiction. We think that in such cases the purchaser must show that he purchased in good faith, relying upon the regularity and sufficiency of the foreclosure proceedings, and that the subsequent lienor had knowledge of the sale, and permitted the purchaser to make the purchase, without disclosing the existence of his incumbrance, or calling attention to the defect in the proceedings. In 2 Jones on Mort. (§ 1540, p. 421), it is stated that a strict foreclosure is proper " where a mortgagee or purchaser is in possession under a legal title from the mortgagor, for the purpose of cutting off subsequent liens or incumbrances, as in case one has purchased in good faith at a mortgage sale, which is not conclusive against some incumbrancer not made a party to the suit, and the purchaser has gone into possession." The cases have been very rare in this state where the remedy has been invoked, but we fail to find a case where it has been applied to relieve a party who buys with full knowledge of the outstanding incumbrance and subject to it. In *Kendall* v. *Treadwell* (5 Abb. Pr. 26), the practice in strict foreclosure cases received an exhaustive examination by Judge BIRDSEYE, and the prominent feature of the case was the good faith of the plaintiff in making the purchase, and the acquiescence of the subsequent incumbrancers in the validity of the proceedings under which the plaintiff acquired his title. The action to foreclose the mortgage had been prosecuted in the County Court, and after judgment and sale, the Supreme Court, in another case, had held that the act conferring jurisdiction upon County Courts in foreclosure suits, was unconstitutional, and its judgments were, therefore, void. The subsequent lienors were all parties to the action in the County Court, and

did not question its jurisdiction. The learned judge, in summarizing the grounds upon which the plaintiff's right to equitable relief rested, said (p. 22) : " He was in possession, claiming to be owner under a title apparently good. He took his original title, and has made all his subsequent advances and payments upon the faith of the act of the legislative authority of the state, and of judicial tribunals established by the state. No objection was then made to the jurisdiction of the court."

In *Benedict* v. *Gilman* (4 Paige, 58), the bill was filed against subsequent judgment creditors, and the principal question was whether the plaintiff was entitled to an allowance for permanent improvements, and the chancellor in disposing of this question, says : " It is charged in the bill in this case, and admitted by the answer * * * that the complainant was ignorant of the existence of these judgments, until after he had made permanent improvements upon the premises to a considerable extent. Under such circumstances it would be inequitable and unjust, to give the defendants the benefit of those improvements, without compelling them to pay an equivalent therefor. The case would have been different, if the complainant had made the improvements, with a full knowledge of the defendant's equitable right to redeem."

The right to a judicial sale of the mortgaged property to pay the mortgage debt, is in this state one of the incidents of the mortgage contract ; and if the mortgagor is in default, the mortgagee is entitled to the enjoyment of this right unimpaired. It can only be secured to him by a sale, in an action or proceeding to which he is a party ; for in all such cases the sale is made for the benefit of all the parties interested, and the proceeds are distributed among them, in the order of the priority of their respective liens.

This was the view taken by the General Term of the eighth district in *Peabody* v. *Roberts* (47 Barb. 91), where Judge DANIELS delivering the opinion of the court said (p. 94) : " The second mortgagee possessed the right to maintain an action upon it, for the foreclosure of so much of the equity of redemption as remained in the mortgagor at the time

when it was recorded, and for a satisfaction of the debt secured by it, by a sale, of the mortgaged premises. This right has, from the time of the civil law, been secured to the mortgagee, as an incident to, and growing out of the mortgage itself." And again (at p. 95) : " This right is so important in these cases, that the holder of the mortgage cannot be deprived of it, without at the same time very sensibly impairing and depreciating the security created by the mortgage. And as such it is an essential attribute of property, which positive legislation even cannot destroy without impairing the obligation of the contract out of which it arises." This is a just interpretation of the literal terms of the instrument, for the mortgage expressly authorizes the mortgagee in case of default, to sell the mortgaged premises, and out of the proceeds satisfy the mortgage debt. Where it is a second mortgage, and the mortgagee is made a party to the foreclosure of a prior mortgage, full effect is given to this power of sale, by means of the sale directed in the action or proceeding, which as we have seen is made for the benefit of all the parties served with process or notice. It is not necessary to hold that in no case can the right to sell be held in abeyance ; but the right cannot be denied, or suppressed unless some adverse dominating equity requires it. If in this case the plaintiff had purchased and taken possession, in ignorance of the existence of defendant's mortgage, and the defendant, having knowledge of the prosecution of the foreclosure action, had made no disclosure of his incumbrance upon the property, and the purchaser was thus misled to his prejudice, it might well have been held that it would be inequitable to permit the defendant to exercise the power of sale in his mortgage, and it might properly have been decreed that unless he reimbursed the plaintiff, his interest in the property should be deemed extinguished. Other cases might be suggested where such form of relief would be just. But in all cases equitable grounds for such a procedure must be shown. It is not a matter of discretion with the trial court whether a remedy of this kind shall be applied. The proofs must bring the case

within the exceptional class in which it is permitted, and then the measure of the relief to be granted or the conditions upon which it will be allowed are, to a certain extent, discretionary.

As to this defendant, the plaintiff is only a mortgagee in possession. It is true she has also acquired the title of the mortgagor and has extinguished the liens of all other incumbrancers, who were made parties to the foreclosure action.

But she occupies no better position with respect to the defendant than if she had taken a deed from the mortgagor and an assignment of the other incumbrances and had gone into possession. As to the defendant, her mortgage is still unforeclosed, and the estate, which the mortgagor had when he executed the defendant's mortgage, is still subject to its lien. The plaintiff may at any time foreclose her mortgage, as against the defendant, notwithstanding the former defective foreclosure. (*Brainard* v. *Cooper*, 10 N. Y. 356; *Walsh* v. *Rutgers Fire Ins. Co.*, 13 Abb. Pr. 33; *Franklyn* v. *Howard*, 61 How. Pr. 43.) It imposes no hardship to require her to pursue such course if she wishes to rid the title of the lien of defendant's mortgage. She will be as fully protected upon such a foreclosure as she would have been upon the original foreclosure had she made him a party to it.

The plaintiff may have the ordinary decree of foreclosure against the defendant in this action if she so desires, and all persons who are necessary parties defendant are brought in. It is not seen how any relief can be afforded without the presence of the purchasers of the other two parcels of the mortgaged premises. If it is sought to re-foreclose plaintiff's mortgage, they are unquestionably necessary parties, as the owners of separate portions of the property mortgaged, and by their purchases they have respectively acquired an interest in plaintiff's mortgage. If the court is asked to apportion either the plaintiff's or the defendant's mortgage between the three farms, they are necessary parties to a determination of that question. They would not be bound by any judgment rendered in this action which adjudged the extent of the lien of either mortgage upon their respective properties, and such

adjudication would be necessarily involved in the ascertainment of the amount of either mortgage equitably chargeable upon the several parcels. In such a case the objection of a defect of parties is available, although not raised by demurrer or answer. The plaintiff is not entitled to the equitable relief sought, if it appears that a complete determination of the controversy cannot be had without the presence of other parties, and the court must direct them to be brought in (Code, § 452); and where it appears upon appeal that this has not been done, the court will reverse the judgment, although the issue is not made by the pleadings. (*Bear* v. *Am. Rapid Tel. Co.*, 36 Hun, 400.) If the plaintiff obtains leave to amend by bringing in all necessary parties, she may have a decree for a foreclosure of her mortgage as against the defendant, and a sale of the mortgaged premises, in which decree the equities of the different purchasers, as between themselves, can be properly adjusted, and the court can direct the application of the net rents and profits upon the mortgage debt, in ascertaining the amount which the plaintiff and her co-owners of the mortgage are entitled to receive upon a sale of the property. In general terms, we think this is the extent of the relief to which she is entitled under the pleadings and proofs in this action.

The objection is urged that the judgment under review is not final, but interlocutory, and, therefore, not appealable. The judgment is peculiar in its structure, and an analysis of its provisions leads us to conclude that it finally determines all the substantial rights of the parties. It in effect adjudges, that unless the defendant, within a prescribed time, gives the plaintiff notice of his desire and intention to redeem the lands purchased by plaintiff at the former foreclosure sale, he is forever barred and foreclosed of and from all right, title, interest and equity of redemption therein, and the lien of his mortgage thereon cut off and foreclosed, and that the plaintiff shall hold the title thereto free from such lien. If the notice is not given, no further judgment need be entered, but this decree by the force of its own provisions effectually destroys

the lien of the defendant's mortgage.   As presumably the
time has expired within which the notice could be given, the
judgment has become final, and subject to review by this
court.   If the defendant has elected to proceed under the
judgment, it would be a waiver of his right of appeal, and
would be available upon a motion to dismiss the appeal.   But
the bringing of the appeal gives rise to the presumption that
he has not availed himself of its provisions, and, therefore, if it
stands it will be final and conclusive upon him, and will operate
to extinguish his mortgage.   Where a judgment fully and com-
pletely disposes of the substantial rights of the parties at issue
under the pleadings, and by the force of its own provisions may
conclude the appellant without the entry of a further judgment,
it must be deemed a final judgment within the purview of
section 190 of the Code, although in a certain contingency
dependent upon the action of the appellant, it provides for the
taking and stating of an account before a referee, and the
payment of the amount found due as a condition precedent to
the enjoyment of certain rights accorded him therein.

In this respect the case of *Prod. Bk.* v. *Morton* (67 N. Y.
199) is closely analagous.   It was there held that a judgment
in an action to set aside an assignment for the benefit of cred-
itors adjudging the assignment void, directing the assignor
to account before a referee, and that a receiver be appointed
to take charge of the assigned property, pay out of it the
plaintiff's judgment, and hold the residue subject to the order
of the court, is a final judgment reviewable by appeal.

The judgment must, therefore, be reversed, a new trial
granted if plaintiff elects within sixty days after filing the
remittitur in the court below to proceed with the action, and
applies for leave to amend by bringing in the necessary parties.
If such leave is not applied for or granted the complaint is
dismissed, with costs in this court and in all courts; if leave
to amend is granted, costs in this court to abide the determi-
nation of the Supreme Court as to the conditions upon which
leave to amend may be granted.

All concur.

Judgment accordingly.