### RASTETTER et al. v. HOENNINGER et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. APPEAL AND ERROR (§ 1099*)—LAW OF THE CASE—DECISION ON PRIOR APPEAL.

     A determination by the Appellate Division on appeal that a will executed by husband and wife is a joint and mutual will binding on the survivor is the law of the case so far as the Appellate Division is concerned in a suit to enforce the will against the survivor.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. WILLS (§ 67*)—JOINT AND MUTUAL LEASE—ENFORCEMENT.

     Where a joint and mutual will executed by husband and wife, which provided that the survivor should have the income of all the property for life, and after the death of the survivor all the property should go to their two children equally, if living, and, if not, the share of the child dying should go to his children, became, when proved and accepted by the husband surviving the wife, a contract requiring that all the property which either or both owned should be disposed of at his death as provided by the will, the husband could not by gift or devise make a different disposition, and, where he gave to a child real estate purchased by funds of the estate covered by the will, the child must account for it, and the rents as a part of the estate disposed of by the will.

     [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 175–177; Dec. Dig. § 67.*]

3. APPEAL AND ERROR (§ 80*) — INTERLOCUTORY JUDGMENT — "FINAL JUDGMENT."

     A judgment which finally determines the rights of the parties, leaving open only a question of accounts to be settled thereafter, is a final judgment, and not an interlocutory one.

     [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*

     For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

4. WILLS (§ 67*)—JOINT AND MUTUAL WILLS—ENFORCEMENT—REMEDY.

     A suit to enforce as a contract binding the survivor a joint and mutual will executed by husband and wife, which provided that, on the death of the survivor, all the property should be divided between the children

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the parties, does not authorize a partition of real estate forming a part of the estate passing by the will.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 175–177; Dec. Dig. § 67.*]

Ingraham, P. J., and Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Elizabetha Rastetter and others against John C. Hoenninger, executor and trustee of Franz Rastetter, deceased, and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

See, also, 152 App. Div. 948, 137 N. Y. Supp. 1139.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Andrew C. Troy, of New York City, for appellants.
August P. Wagener, of New York City, for respondents.

SCOTT, J. This is an action in equity to enforce the provisions of a joint and mutual will made by Franz Rastetter and Elizabetha Rastetter, his wife. That will was before us on a former appeal (151 App. Div. 853, 136 N. Y. Supp. 961), and after careful deliberation was sustained as a joint and mutual will, binding upon the survivor, it being held that the will itself furnished sufficient proof that it was the result of an agreement between the parties as to the final disposition of their property.

[1] That determination is the law of the case so far as this court is concerned, and it will not be necessary to rediscuss the question.

[2] The present appeal brings up for review a judgment undertaking to carry into effect our former decision.

The dispository clauses of the will read as follows:

"Second: We give unto the survivor of either of us the income of our real and personal property during his or her natural life for his or her own use and benefit.

"Third: After the death of the survivor of either of us, all our property both real and personal shall be divided in the manner following: One half thereof is to be paid to our daughter Barbara Schmidt, if living at the time of the distribution of the estate, and if not living at the time of the distribution of the estate, her share shall be equally divided between her children then living, and the remaining one half thereof to our son John Rastetter, if living at the time of the distribution of the estate, and if not living, same shall be equally divided between his children then living."

The plaintiffs are the children of the above-mentioned John Rastetter, who died after the death of Elizabetha Rastetter, and before the death of Franz Rastetter. The defendants are the above-mentioned Barbara Schmidt and John C. Hoenninger as executor of a will made by Franz Rastetter after the death of his wife Elizabetha, by which he makes a somewhat different disposition of his property from that provided for in the above-described joint and several wills. After the death of his wife, Elizabetha, Franz Rastetter caused her will to be admitted to probate, and himself to be appointed the executor thereof, and went into possession of her property.

At the time of Elizabetha Rastetter's death she and her husband

owned jointly two parcels of real estate in the city of New York known as Nos. 530 and 534 East Eighty-Third street, each being worth about $19,000 subject to a mortgage for $10,000. Franz and Elizabetha Rastetter had a joint savings bank account of $1,460. Elizabetha Rastetter had individual savings bank accounts aggregating $7,413.90, and Franz Rastetter held and owned a bond and mortgage upon which there was due $2,000. At the time of his death in August, 1908, Franz Rastetter left, in addition to the real estate already mentioned, moneys on deposit in various savings banks amounting to $5,395.78, a sum of money amounting to $267.88 in the hands of an agent, $150 worth of household furniture, and bonds and mortgages on which there was due $4,100 and accrued interest. All these assets came into the hands of his executor, the defendant Hoenninger. Elizabetha Rastetter died on January 14, 1905. On the following September 17, 1906, said Franz Rastetter purchased and gave to the defendant Barbara Schmidt, by causing the deed to be made to her, a parcel of real estate in the city of New York, the cash consideration for which was paid by said Franz Rastetter. The court has found as matter of fact that said Barbara Schmidt paid no part of the consideration for said parcel, and this is not disputed. It has also found that said Franz Rastetter purchased said parcel of land "with money that came from the estate of Elizabetha Rastetter, deceased, and money subject to the contract contained in the joint and mutual will" executed by said Franz and Elizabetha Rastetter. This finding as we consider is supported by the evidence. Upon the construction heretofore given to the will, Franz Rastetter, when he had proved the will and accepted the benefits under it, entered into a contract that, not only the property received from his wife, but also the property which he individually owned, should be disposed of at his death in the manner provided by this joint will. He had no right thereafter, either by gift or devise, to make any different disposition of it. It is true that he was entitled to use the income as he saw fit, but the size of his own and his wife's estates, and the short time that elapsed between his wife's death and the gift to the defendant Schmidt, preclude the probability that the consideration money for the property conveyed to her was derived from income. The judgment, in so far as it declares the parcel of land conveyed to Barbara Schmidt a part of the estate to be divided under the joint and mutual will and requires her to account for the rents and profits, is right. The form of the judgment is, however, in some respects open to criticism.

[3] It is denominated an interlocutory judgment, although it finally determines the rights of the parties, leaving open only a question of accounts to be settled hereafter. This does not make it an interlocutory judgment. Moulton v. Cornish, 138 N. Y. 133, 33 N. E. 842, 20 L. R. A. 370; Produce Bank v. Newton, 67 N. Y. 199. The judgment also departs from the direction for judgment given by the decision. It directs the referee named therein to ascertain and determine whence Franz Rastetter derived the money paid for the property conveyed to Barbara Schmidt. This is wholly unnecessary in view of the findings made by the court itself.

[4] It also required the referee to report whether the real estate in East Eighty-Third street is so situated that actual partition can or cannot be made, and other matters appropriate to an action for partition. This is improper because this is not an action for partition, and under the pleadings no partition can be decreed. The decree must be amended by striking out the word "interlocutory" wherever it appears, by requiring the defendant Hoenninger to account for money and property received and disbursed by him as executor of the will of Franz Rastetter, deceased, and requiring the defendant Schmidt to account for the rents and profits of the real estate conveyed to her as above recited, with a provision that the referee appointed by the judgment shall pass upon said accounts and the exceptions filed thereto, if any, and as so modified will be affirmed without costs to either party.

DOWLING and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. On the former appeal I dissented from the determination that this action could be sustained, and for the reasons stated in the dissenting opinion on that appeal I dissent from the affirmance of the judgment here appealed from. 151 App. Div. 853, 136 · N. Y. Supp. 961.

But assuming that the mutual will executed by the defendant's testator and his wife, and which was admitted to probate on the death of his wife, was evidence of a contract so that the defendant was incapable of revoking that will or making any other testamentary disposition of his property, I cannot see that such a contract in any way limited his right to use his own property not acquired from his wife. The so-called contract is discovered in the will itself; and what did the parties there agree to? This instrument was entirely testamentary. The income of the property of the one first dying was devised to the survivor during his or her natural life for his or her own use and benefit, and after the death of the survivor "all our property both real and personal shall be divided in the manner following." If this was a contract, it certainly could not prevent the survivor from using either the income from the wife's property which was given to him for his own use and benefit, or his own property, over which the wife had no control, in any way that he desired during his own life. There was no trust imposed upon the husband's property by this mutual will, and no limitation upon his power to use or dispose of his own property during his life. He had made his will, which could be effectual only on its admission to probate after his death. Assuming that, as the court has held, he thereby undertook not to revoke this mutual will or to make any other testamentary disposition of his property, he certainly could do what he pleased with his own property during his life. As was held in the case of Edson v. Parsons, 155 N. Y. 555, 50 N. E. 265: The effect of such contract is that the one surviving would make the brother the residuary legatee of what she should be possessed of at her death.

The will, so far as it could affect the husband's property, could take effect only at his death. The contract as found by the majority of the

court was that the husband undertook that all the property of "either of us" should at the death of the survivor be divided as provided in the mutual will. From the nature of this instrument this could only apply to the property as it existed at the date of the death of the survivor. What the husband got by this will was a life estate in his wife's property. On his death that property passed to the residuary legatees or devisees. But as to his own property over which his wife had no control that remained his, subject to be disposed of as he wished during his life; but what he possessed at his death was disposed of as therein provided. In Mahaney v. Carr, 175 N. Y. 454, 67 N. E. 903, the Court of Appeals decided this question; and what was there said applies to this case.

It is established that the testator received from his wife's estate $7,-887.58. He left all the real property in which his wife was interested undisposed of, and the personal estate of upwards of $10,000; so that the estate of his wife was intact. He had paid for a piece of real property which had been conveyed to his daughter during his life, and she now holds that property in her own right. Yet this judgment takes that property from her, and holds it to be part of the testator's estate. This can only be justified by holding that, by the execution of this mutual will, the testator imposed a trust on all his property in favor of the legatees of the mutual will, so that any disposition of his own property during his life was a breach of trust. This I consider without justification.

I therefore dissent from the affirmance of this judgment.

LAUGHLIN, J., concurs on second ground.