ELLEN McDONALD, Plaintiff, *v.* JOHN P. DALY, Defendant.

Supreme Court, Special Term, Kings County, April 1, 1947.

*Joseph D. Allen* for plaintiff.

*Francis W. Rhinow* for defendant.

HOOLEY, J. This is an action in strict foreclosure, the purpose of which is to extinguish the right of redemption of defendant in certain real property and in which plaintiff asks that a judgment be entered fixing the right of defendant in said real property and that said judgment shall provide that a failure by defendant to redeem said real property from plaintiff's mortgage within a time to be fixed by said judgment shall preclude defendant from redeeming said real property. The defendant has counterclaimed for ejectment.

Prior to being adjudicated an incompetent, the defendant was the owner of the fee in certain real property upon which the plaintiff and her husband, who is now deceased, held a first

mortgage in the sum of $3,000. There were defaults in 1934 and 1935 and plaintiff and her husband on March 11, 1935, commenced an action to foreclose the mortgage. The action proceeded to judgment of foreclosure and sale and, upon the sale, the plaintiff and her husband became the purchasers and went into possession of the premises, claiming title under the referee's deed. The plaintiff has since remained and now is in possession.

The defendant, John Daly, was adjudicated an incompetent in the year 1929 and Anna Daly, his wife, was appointed the committee of his person and property. The incompetent, the defendant, John Daly, was not made a party to the foreclosure action in his individual capacity nor was he served with process in the action. Anna Daly, the wife of the defendant incompetent, was made a party to the foreclosure action in her representative capacity as committee of the person and property of John P. Daly and also in her individual capacity to extinguish her dower right.

In March, 1946, the plaintiff contracted to sell the property for the sum of $2,000 and the defect in the foreclosure action was discovered, viz., the omission to make the incompetent, in his individual capacity, a party defendant in the foreclosure action .

While the plaintiff might formerly have instituted a new action to foreclose the mortgage as against the incompetent, she was confronted with the amendments to sections 47 and 47-a of the Civil Practice Act which shortened the time for the commencement of actions to foreclose a mortgage from twenty years to six years. The effect of these amendments was drastic. Mortgagees who had been forbearing about foreclosing in a time of depression suddenly found that such consideration and fair dealing had resulted in their mortgages becoming outlawed. In addition if there were defects in a foreclosure action which could theretofore have been cured by reforeclosing the mortgage, they found themselves in the position of the mortgagee herein, i.e., such mortgagees were barred by the Statute of Limitations. Under the circumstances, there is little that can be done by the court insofar as any action on the original bond and mortgage is concerned. It was apparently for this reason that the mortgagee brought this action for strict foreclosure pursuant to subdivision 2 of section 1082 of the Civil Practice Act.

. There are two difficulties with this procedure. In the first place, the action is still an action on the bond and mortgage. That is, it is a reforeclosure of the mortgage on the theory that

the mortgagor was a necessary party to the original proceeding who was omitted from the action and the present action is brought to bar his claim after he is given an opportunity to redeem. Accordingly the Statute of Limitations is a bar.

In the second place, the law is clear that section 1082 aforesaid has no application to holders of a fee title, which is the situation herein. As was said by Mr. Justice GAVAGAN, Supreme Court, Bronx County, in *Haas* v. *Traynor* (N. Y. L. J., Aug. 23, 1944, p. 342, col. 4): " ' The remedy of strict foreclosure is regarded as harsh and generally inequitable and not to be encouraged (42 C. J., 21), and in this state has not been recognized save in a very limited class of cases ' (*Silver* v. *Babitzky*, 228 A. D., 591, 595; *Moulton* v. *Cornish*, 138 N. Y. 133, 140). It was not cognizable at common law for the purpose of settling questions of title. In this respect the Court of Appeals has stated (*Moulton* v. *Cornish, supra*, p. 141): ' This proceeding has been termed a strict foreclosure, but it is apparent that it has no appropriate place in a system of laws and jurisprudence where it has been declared that the mortgage does not operate as a conveyance of the legal title, but is only a chose in action constituting a lien upon the land as security for the debt or other obligation of the mortgagor.' In many other jurisdictions the same rule obtains, viz.: that strict foreclosure will not be enforced as against a title interest (see 118 A. L. R., 779, and cases there cited). Nor does section 1082, subdivision 2, C. P. A., aid the plaintiff in this respect. The two classes of parties there defined as amenable to strict foreclosure proceedings do not include parties who claim a fee title." (See to same effect, 2 Weed on New York Real Property [3d ed.], p. 830; 8 Carmody on New York Pleading and Practice, part 2, §§ 784, 1035, 1041.)

It follows that the complaint must be dismissed, without costs.

This brings up the matter of the counterclaim for ejectment and in this respect the question now arises as to whether or not the plaintiff herein is a mortgagee in possession. An examination of the file in the foreclosure action shows that such action was brought against Anna Daly, as committee of the person and property of John P. Daly, an incompetent, Anna Daly and Catherine Dillon. The defendant, Anna Daly, as committee aforesaid, and Anna Daly, individually, appeared in said action by attorney. In such action, upon the motion for the appointment of a receiver, her attorney submitted to the court an affidavit in which he set forth as follows: " That this affidavit is submitted, not in opposition to the motion for a receiver but to show that the defendant, Anna Daly, as Com-

mittee, is not merely abandoning the premises in question and that, under the circumstances, this action was inevitable and that the best interests of the incompetent's estate would not be served by any proper effort to retain title.''

The affidavit last mentioned further showed that the premises were subject to a first mortgage of $3,000 and interest from June 22, 1934, and a second mortgage upon which there was then due about $975. The premises were then assessed at $4,000. The affidavit then showed that between 1929 and 1934, during which time the committee managed the property, the net loss to the committee was the sum of $320.36.

The affidavit further states as follows: '' That in a short while the cash assets of the incompetent would be absorbed in attempting to retain the title to a parcel of property which title had long since been valueless.''

The affidavit further showed that the committee was desirous of delivering a deed in lieu of foreclosure but that the counsel of several title companies had advised against it. Accordingly the foreclosure was then completed. It is the law that one cannot become a mortgagee in possession unless his entry is with the consent of the owner of the equity of redemption, express or implied. It is true that the plaintiff herein entered into possession pursuant to a judgment of this court under the color of right. It is equally true that the court did not have jurisdiction over the incompetent in the foreclosure action. Unless the plaintiff herein comes within the classification of a mortgagee in possession, she will have lost all interest in the property even as a mortgagee through no fault of her own but owing to the error of her attorney in the foreclosure action. As heretofore pointed out, the Statute of Limitations aforesaid will prevent her correcting the error in a reforeclosure action and she, unless a mortgagee in possession, may be removed from the premises by virtue of the counterclaim for ejectment.

The duty of the court to protect the rights of an incompetent does not require the court to inflict a grave injustice upon this plaintiff.

The leading case in this State upon the subject of mortgagees in possession is *Howell* v. *Leavitt* (95 N. Y. 617). In that case, a foreclosure action had been commenced against, among others, one Howell and his wife. Howell had died one month prior to the institution of the foreclosure action. The fact of his death was unknown for some time. His wife was served. Howell being dead, his title had descended to his five children, all of whom were infants under the age of fifteen years. They

were not made parties to the foreclosure action. In that case, it was held that possession of real estate by a mortgagee against the will and consent of the owner and without color of lawful authority does not give one the right of a mortgagee in possession. The court said, in part (p. 622): "Here the infant owners, without even a suit instituted against them; so far as we know without notice or warning or the least opportunity to protect their rights; were expelled from their property against their will  *  *  *."

But in the case at bar, there was an attempt to acquire jurisdiction over the incompetent. His committee was made a party. It is obvious that the incompetent was unable to protect any rights he had or to properly exercise any judgment in relation to the transaction and it was because of such limitation that a committee of his person and property had been appointed. The delivery of a summons and complaint to the incompetent, while it would have been a strict compliance with the law, would have been merely a technical compliance with the law unless the defendant was in a position to exercise judgment. The record shows that such committee had the benefit and advice of a competent attorney who, by affidavit, informed the court that the property was not worth the two mortgages then on the property, that it had been operated at a financial loss to the incompetent's estate for five years preceding and this committee, charged with the duty of protecting the rights of the incompetent and preserving his estate, was desirous of deeding, if possible, all the incompetent's interest in the property to the mortgagee. Here the entry of the mortgagee into possession was under color of right; it was not an entry by force or fraud. Such entry was not only with the consent and acquiescence but even at the request of the one charged by law with the protection of the incompetent, and the one nearest to him who was mentally capable of exercising judgment in his behalf either in the capacity of wife or committee.

In the opinion of the court, under the facts here presented, the plaintiff is a mortgagee in possession of the mortgaged premises and is protected in her possession by the mortgage. Ejectment will not be granted in favor of the defendant against the plaintiff under the circumstances here existing. The counterclaim for ejectment is dismissed, without costs.