## MAY *vs.* LEWIS ET AL.

1. A bill filed by a vendor of lands, alleging that [the purchase money was to be paid out of the proceeds of certain mills situate on the lands, and that the vendees had received enough to pay the purchase money, and asking an account of the proceeds received, is without equity, complainant's remedy being complete at law.

2. Under the general prayer for relief complainant may obtain the relief appropriate to the case made by his bill, although he is mistaken in the special relief prayed.

3. Chancery may enforce a vendor's lien for the purchase money, when his bill alleges that he retained the title in himself as a security for the purchase money, that the purchase money is due, and that the purchasers are in default.

ERROR to the Chancery Court of Pickens.

Heard before the Hon. W. W. MASON.

This bill is filed by the plaintiff in error, against Benjamin P. Lewis and Samuel D. Lewis. It alleges, that complainant sold to defendants certain lands, having mills situated on them, for a specified price, and gave them his bond for titles; that the purchase money was to be paid out of the proceeds of the mills, complainant retaining the legal title in himself until the purchase money was paid; that defendants entered upon the lands, and took possession of the mills, and have paid complainant a portion of the purchase money; that they have received enough from the proceeds of the mills to pay the whole of the purchase money, and are dissipating in intemperance the proceeds as received; that they are committing waste on the land, by placing thereon a large number of hired slaves, and by cutting down and selling the most valuable portion of the timber, thereby impairing complainant's lien for the purchase money.

The prayer of the bill is, for an account of the proceeds of the mills, and an injunction against future waste; that on taking the account, the defendants be decreed to pay over to complainant the balance of the purchase money yet due, and for general relief.

The Chancellor sustained a motion to dismiss the bill for want of equity, and his decree is now assigned for error.

P. & J. L. MARTIN, for plaintiff in error.

E. W. PECK, contra.

GOLDTHWAITE, J.—The special relief prayed for was, that the defendants should be decreed to pay the amount of the purchase money found to be due to the complainant; and he clearly was not entitled to this relief, as the bill upon its

face shows a perfect right to recover at law upon the contract. The lands were to be paid for out of the proceeds of the mills as received, and the bill expressly alleges, that the defendants had received from the mills an amount sufficient to pay the purchase money; and if this was the case, there is no reason why he should not recover on the contract at law.

The bill, however, contains the general prayer for relief; and the rule is, that although the complainant may mistake the relief to which he is entitled in his special prayer, he can, under the general prayer, obtain the relief which is appropriate to the case made by the bill. Here the allegations of the bill show the contract for the sale of the lands; that the vendor retained the title in himself, as security for the purchase money; that the purchase money is due, and the purchasers in default. These facts are all which are necessary to authorize a court of chancery to enforce a vendor's lien on land for the purchase money. Haley v. Bennett, 5 Porter 452; Chapman v. Chunn, 5 Ala. 397. As under the prayer for general relief, upon the case made by the bill, the Chancellor might have afforded the appropriate relief, although not the relief specially prayed for, he erred in dismissing the bill.

Let the judgment be reversed, with costs, and the cause remanded.