SARAH F. GALUSHA, Appellant, *v.* NORMAN H. GALUSHA, Impleaded, etc., Respondent.

A demand for alimony in a divorce suit is not an essential part of the cause of action; and it need not be determined when a judgment dissolving the marriage is entered, providing the right to have it subsequently determined is reserved in the judgment.

The complaint in an action to set aside a separation agreement, to open a decree of divorce in a former action between plaintiff and her husband, and to modify it by increasing the allowance for alimony to plaintiff therein, alleged substantially these facts: The parties intermarried and, after living together for a time stated, separated, and executed, together with a trustee named therein, a tripartite separation agreement, by which the husband defendant agreed to give plaintiff, aside from certain sums for specific purposes and certain property specified, $1,200 annually, the same to be received by plaintiff in full for her maintenance. The trustee covenanted for performance of the agreement by plaintiff, he to have a lien on the property transferred to her as security. The execution of this agreement by plaintiff was procured by coercion and duress on the part of her husband, and to purchase immunity from cruel and inhuman treatment on his part; he was then worth $150,000. Subsequently plaintiff brought an action for absolute divorce, on the ground of adultery, asking for alimony. Defendant did not deny the adultery, but pleaded the separation agreement as a bar, and averred that the allowance, with the other gifts under the agreement, were adequate and sufficient for plaintiff's support. The separation agreement was introduced in evidence on the trial of that action; the court held it did not bar the action or conclude the court from granting a proper amount for alimony, and refused to hear evidence as to the treatment of plaintiff by defendant, leading to its execution. $3,750 was allowed for alimony, with a provision that either party might apply thereafter to modify the judgment as to alimony. On appeal, the General Term reduced the

allowance to $3,000, and inserted a clause in its judgment that the force and legal effect of said agreement was thereby terminated, and affirmed the judgment as thus modified. On appeal to this court, the judgment below was modified by striking out the provision allowing alimony and the clause terminating the separation agreement. In the judgment entered upon the remittitur, a clause was inserted, by its terms striking out of the original judgment the provision allowing either party to apply to reduce or increase the alimony. On demurrer to the complaint, *held*, that plaintiff was not estopped by the prior judgment, as the burden of the present action was the cancellation of the deed of separation, upon evidence *dehors* the instrument showing its invalidity, an issue not raised by the pleadings in the former action, and which was not and could not have been appropriately tried therein, as the trustee was not a party, and as a cause of action for absolute divorce and one for cancellation of the agreement could not be united (Code Civ. Pro. § 484); also, that the former judgment did not determine that plaintiff was not entitled to alimony, but simply that the agreement, so long as it remained unrevoked, fixed the amount; that the provision in the judgment on the remittitur, as to striking out a clause in the original judgment, if applicable to the clause therein authorizing a subsequent application to modify as to alimony, was not authorized by the remittitur; that plaintiff, on proof of facts authorizing a cancellation of the separation agreement, was entitled to this relief, and then would be in a position to apply for alimony; that it was not necessary to open the judgment in the divorce suit for that purpose; that defendant was not deprived of her right to make the application by the judgment entered on the remittitur; also, that plaintiff was not required to restore what she had received under the separation agreement as a condition of obtaining relief, and so that the demurrer was improperly sustained.

(Argued April 17, 1893; decided May 5, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday in January, 1892, which affirmed a judgment in favor of defendant entered upon an order of Special Term sustaining a demurrer to the plaintiff's complaint.

The relief asked for by the complaint in this action was that the judgment in an action for divorce between the plaintiff and the defendant, Norman H. Galusha, be opened; that a deed or separation agreement between said parties be adjudged invalid on the ground that its execution was obtained by undue influence, and it was inequitable, unjust and unfair by

its terms; that, so far as it purports to limit the allowance to plaintiff for her support, it be set aside and canceled, and that said final judgment in said divorce suit be modified so as to require said Norman H. Galusha to pay plaintiff at least $3,000 per year for her alimony. General relief was also asked for.

The facts set forth in the complaint, so far as material, are stated in the opinion.

*J. A. Stull* for appellant. In order to sustain the demurrer by the doctrine of *res adjudicata*, it is necessary to adopt as true the proposition that, upon all the facts stated in the complaint, the final judgment in the Court of Appeals in the former action constitutes an absolute bar to any trial in this action of all questions as to whether or not the execution of the separation agreement by the plaintiff was procured by undue influence, or under such circumstances as rendered it void. (1 Herman on Est. 454, 462, 465; *Smith* v. *McIven*, 9 Wheat. 532; *In re United States*, 98 U. S. 61; *Pearce* v. *Olney*, 20 Conn. 654; *Wierich* v. *DeZoya*, 7 Ill. 385; *Kent* v. *Ricards*, 3 Md. 396; *Smith* v. *Lowry*, 1 Johns. Ch. 320; *DeLouis* v. *Meek*, 2 Green, 55; *A. S. Bank* v. *Rice*, 70 Ind. 89; *M. Ins. Co.* v. *Hodgson*, 7 Cranch, 332; *Wright* v. *Miller*, 1 Sandf. Ch. 103; *Wingate* v. *Haywood*, 40 N. H. 437; *Hibbard* v. *Eastman*, 47 id. 507; *Powers* v. *Butler*, 3 Green Ch. 465; *Jones* v. *Kincaid*, 5 Lea, 677; *Duncan* v. *Lyon*, 3 Johns. Ch. 356, 357; *Foster* v. *Wood*, 6 id. 90; *Floyd* v. *Jayne*, Id. 482; *Norton* v. *Woods*, 5 Paige, 249; *Winthrop* v. *Loubat*, 2 Dess. 324; *Nolan* v. *Cromwell*, 4 Munf. 155; *Millford* v. *Cohn*, 18 Cal. 42; *Carrington* v. *Holabird*, 17 Conn. 530; *Howe* v. *Martell*, 28 Ill. 445; *Deputy* v. *Tobias*, 1 Blackf. 311; *Booth* v. *Stamper*, 6 Ga. 172; *Shepard* v. *McIntyre*, 5 Dana, 576; *Cox* v. *City of Mobile*, 44 Ala. 611; *Peagrain* v. *King*, 2 Hawks, 605; *Vatheir* v. *Zane*, 6 Gratt. 247; *Williams* v. *Lee*, 3 Atk. 233.) The alleged grounds of demurrer were not well taken, all of them being founded on the erroneous idea that the complaint states

more than one cause of action.   (*Mahler* v. *Schmidt,* 7 N. Y.
S. R. 161 ; 43 Hun, 512 ; *Sterberger* v. *McGovern,* 56 N. Y.
12; *Margraf* v. *Meir,* 57 id. 155; *Coleman* v. *Phelps,* 57
How. Pr. 393 ; *Freer* v. *Denton,* 61 N. Y. 492; *Hay* v. *Hay,*
13 Hun, 315 ; *Sheppard* v. *M. R. Co.,* 27 N. Y. S. R. 705.)
The form of the action in seeking for an opening and modifica-
tion of the final judgment in the former action was intended
to and as is submitted it does obviate the supposed technical
difficulty that the plaintiff, as a wife who has already procured
an absolute divorce from her husband, has now no legal stand-
ing or capacity to maintain an independent action for alimony.
(*Kamp* v. *Kamp,* 56 N. Y. 212; *Erkenbach* v. *Erkenbach,*
96 id. 456; *Winton* v. *Winton,* 31 Hun, 296; *Ramsden* v.
*Ramsden,* 91 N. Y. 281.)   A contract of separation, so far
as it is an agreement that the husband and wife will separate
and live apart from each other is void as against public
policy.   (*Rogers* v. *Rogers,* 4 Paige, 516; 1 Bishop on
Married Women, § 760; Bishop on Mar. & Div. §§ 550,
633, 634, 650 ; Stewart on Mar. & Div. § 184; 2 Story's
Eq. Juris. §§ 1427, 1428.)   Where the amount provided in
a separation agreement for the support of the wife is either
inadequate, or unfair, or inequitable, or out of proportion
to what she would be adjudged entitled to receive, consid-
ering the ability of the husband to pay, and the state and
condition in life of the parties, the wife is not bound by the
clauses in the agreement making provision for her, and such
clauses will be set aside and disregarded by the courts.   (Clancy
on Husband & Wife, 420 ; 1 Bishop on Mar. & Div., § 637 ;
Stewart on Husband & Wife, § 187 ; *Pierce* v. *Pierce,* 71 N.
Y. 154.)   By reason of the confidential relation existing
between the defendant and plaintiff, as husband and wife, at
the time the separation agreement was executed, the defendant
should not be allowed to enforce the literal and strict terms of
the agreement against the wife, so as to cut her off absolutely
from any further benefit from his estate, other than in the
agreement provided, except at least upon his showing affirma-
tively not only that such agreement was fair and reasonable,

just and equitable as to its provisions for the wife, considering his means and the condition in life of the parties, but also that its execution was procured from the wife in all respects fairly and "without the least speck" of coercion or undue influence on his part. (*Wheelan* v. *Wheelan*, 3 Conn. 538; *Nesbitt* v. *Lockman*, 34 N. Y. 167 · *Shears* v. *Shafer*, 6 id. 268.)

*Esek Cowen* for respondent. If the complaint had stated an adequate reason for vacating or setting aside the separation agreement, it could not be urged in this action, because the same subject-matter was decided in favor of the defendant and against the plaintiff, in the former action for divorce. (*Malloney* v. *Horan*, 49 N. Y. 111; *Bell* v. *Merrifield*, 109 id. 202; *Russell* v. *Place*, 94 U. S. 606; *Cromwell* v. *County of Sac*, 94 id. 351.)

*John P. Bowman* for respondent. The question of the validity of the separation deed between the parties has already been before this court and has been decided against plaintiff. The decision was final and cannot be reviewed. (*Wells* v. *Wells*, 10 N. Y. S. R. 248; *Kamp* v. *Kamp*, 59 N. Y. 212; *Le Guer* v. *Gouveneur*, 1 Johns. Ch. 436; *Galusha* v. *Galusha*, 116 N. Y. 635.) But conceding that plaintiff has still the right to attack the deed, she has not in her complaint stated facts sufficient to constitute a cause of action to overthrow it. (*Blake* v. *Griswold*, 68 N. Y. 294; *Simmons* v. *Fairchild*, 42 Barb. 404; *Butler* v. *Viele*, 44 id. 166.) The real thing sought by plaintiff's complaint is permanent alimony. But the question of alimony between the parties is entirely *res adjudicata* and the complaint on its face shows it to be so. The court has lost jurisdiction over these in respect to alimony. (2 Bishop on Mar. & Div. §§ 352, 357, 375; *Kamp* v. *Kamp*, 59 N. Y. 212; *Kerr* v. *Kerr*, 59 How. Pr. 255; *Cullen* v. *Cullen*, 23 J. & S. 346; *Park* v. *Park*, 18 Hun, 467; Code Civ. Pro. § 1759; *McGee* v. *McGee*, 10 Ga. 477.)

MAYNARD, J.   The defendant, Norman H. Galusha, has demurred to the complaint upon the ground that it does not contain sufficient facts to constitute a cause of action.   It, therefore, becomes necessary to state the material facts alleged, according to their legal import, as we understand them, and in the light of the rules which must be applied in the construction of pleadings.   The plaintiff and the demurring defendant inter- married in 1858 and lived together until 1883, when a separa- tion occurred, and an agreement under seal was executed between them, and the defendant Galusha Phillips, as trustee, in which it was recited that on account of existing differences the husband and wife had mutually agreed to live separate and apart from each other, and by the terms of which the husband agreed to give the wife $5,000 for the purchase of a house and lot, $1,000 to defray the expenses of medical attend- ance, some articles of personal property and $1,200 annually, payable in monthly installments.   The wife agreed, in con- sideration of the payments to be made, to accept them in full satisfaction for her maintenance during her husband's life, and if he first died she might elect to continue the agreement and receive the monthly payments during her life out of his estate upon releasing her dower and all claims against his estate, and if she elected to take dower, the $5,000 paid should be applied thereon.   The trustee covenanted with the husband that the wife should support and maintain herself and perform the agreement on her part, and at all times, when so requested, sign and acknowledge all deeds and mortgages which the hus- band might require for the purpose of conveying any real estate which he might wish to sell or mortgage, and to save the husband harmless from the payment of any and all sums of money for and on account of the support, maintenance, medical attendance and other expenses, legal or otherwise, of the wife.   It was also agreed between the wife and the trustee that he should have a lien on the $5,000 when paid or invested, to protect him against his liability under the agree- ment.   The husband and wife also mutually covenanted that they would, at all times, permit each to live separate and

apart from the other, and would not sue any person for receiving or harboring either of them, and that neither should in any way molest, sue or interfere with the other.

It sufficiently appears from the complaint that the execution of this agreement by the wife was procured by coercion and duress on the part of the husband. We need not state the averments in detail. It is enough to say of them that if established by the proofs at the trial, they would support a finding that the agreement was not her free and voluntary act, but was entered into through fear of her husband, and to purchase immunity from cruel and inhuman treatment at his hands, with which she was threatened, or to which she was subjected by him in order to compel her to consent to a separation. The husband was then worth $150,000. The wife, at that time, suspected that he was guilty of adultery, but the proofs were not obtainable. In 1885 the plaintiff brought an action for absolute divorce, on the ground of the alleged adultery of her husband, and inserted in the complaint the usual allegations entitling her to alimony. The defendant did not deny the adultery, but pleaded the separation agreement as a bar to the action; and also averred that the property transferred by him to the plaintiff, under the agreement, with the allowances secured to her thereby, were adequate and sufficient for her support and maintenance according to her station and condition in life. The case was tried before the court, without a jury, and upon the decision of the trial judge, judgment was entered dissolving the marriage, and directing the defendant to pay annually the sum of $3,750, permanent alimony, in quarterly payments; and the judgment contained the following provision: " It is further adjudged that either party may apply to the court, from time to time, to modify this judgment as to alimony, in case of a change of circumstances of the parties, or for other good reasons." The execution of the deed of separation was not found by the trial judge, but it was introduced in evidence by the defendant, and the judge held upon the trial, that it did not bar the action, or conclude the court from grant-

ing a proper amount for alimony beyond the amount provided in the deed, and refused to hear evidence as to the treatment of plaintiff by defendant leading to its execution. It is also alleged that because of this holding of the court, the plaintiff did not give testimony to prove the coercion and duress under which the agreement was executed. Upon appeal to the General Term, the judgment in the divorce suit was modified by reducing the amount allowed for alimony to $3,000, and the quarterly payments accordingly, and by inserting a clause providing "that the force and legal effect of the agreement of separation, dated April 30, 1883, executed by the parties and one Galusha Phillips be, and the same is hereby terminated," and affirming the judgment as thus modified in all respects. An appeal was then taken to this court, where according to the remittitur sent down, the judgment of the General Term was modified by striking out the provision allowing alimony, and the clause terminating the deed of separation, and as thus modified, the judgment was affirmed. When judgment was entered upon the remittitur, a clause was inserted striking out of the original judgment the provision declaring that either party might apply to reduce or increase the alimony, a provision which is not found in the original judgment in these words, and if it is assumed to have reference to the clause authorizing either party to apply to the court from time to time to modify the judgment as to alimony in case of a change of circumstances of the parties or for other good reason, it does not appear to have been authorized by the remittitur. The complaint prays that the judgment in the divorce suit may be opened; that the separation deed be adjudged invalid; and that the judgment be modified by allowing plaintiff alimony at the rate of $3,000 per year from the date of entry of judgment, after deducting amounts actually paid; and concludes with a general prayer for relief.

The Special and General Terms have sustained the demurrer, and the plaintiff has brought this appeal.

The principal ground upon which the respondent relies to sustain the decision below, is the estoppel of the former adjudication. It is insisted that it appears from the complaint and the accompanying papers, that every material fact which the plaintiff now seeks to establish, might have been litigated in the divorce suit, and that all the relief she now demands might have been sought and obtained in that action. We cannot assent to this view of the scope of the complaint and of the effect of the prior judgment. The burden of the present cause of action is the cancellation of the deed of separation by the production of evidence *dehors* the instrument establishing its invalidity. An issue involving that question was not raised by the pleadings in the former action; it could not have been appropriately tried therein; it was not in fact litigated, and under the ruling of the trial court, it could not have been heard and determined. There were two difficulties in the way of its adjudication in that suit. The trustee was not a party to the action, and without his presence there could be no effectual or final determination of the question of its validity. It was for this reason that the decision of the General Term, terminating the agreement, was properly reversed in the Second Division of this court. (*Galusha* v. *Galusha*, 116 N. Y. 635.) By reference to the official report of the case, it is found that the learned counsel for the respondent here, who was the appellant there, distinctly made the point that "The agreement of separation being valid and binding between the parties, it was not within the power of the General Term to annul and destroy it in an action of divorce, to which the trustee was not a party, and its order to that effect was utterly erroneous" (p. 637), and many authorities are cited by him in support of the proposition. A principle so fundamental could not be overlooked. It is made the basis of the opinion of the learned judge, who spoke for the court, and at page 645 he says: "We have then a valid tripartite agreement, and a subsequent judgment of divorce rendered in an action, wherein two of the parties to the agreement only are plaintiff and defendant." And

farther on he denies to the court below "the power to ignore all existing rules as to parties, pleadings and proofs, and arbitrarily set aside a valid agreement." In the deed of separation the trustee was the central figure. He was the party who assumed the responsibility of the performance of its covenants as between the other contracting parties, and by its terms he had an interest in the property conveyed as security for his protection. In any suit brought for a breach of its covenants or a specific performance of its provisions, it would have been necessary to have joined him as a party, and if an action were directly brought to set aside the deed without making him a party, it would be the duty of the court, upon its own motion, to stay its prosecution until he could be brought in, even if the non-joinder was not pleaded. (*Moulton* v. *Cornish*, 138 N. Y. 133; *Mahr* v. *N. U. F. Ins. Co.*, 127 id. 452; *Bear* v. *Am. Rap. Tel. Co.*, 36 Hun, 400.)

The plaintiff could not have united a cause of action for an absolute divorce with one for the annulment of the deed of separation. They do not both belong to the same class, and do not both affect the same parties. (Code, § 484.) The demand for alimony in a divorce suit is not an essential part of the cause of action. As described by Bishop it is merely an "appendage" of the action. (§ 351, 6th ed.) Or where it enters into the final decree it is, as defined by this court, in the *Forrest* case (25 N. Y. 501), "a mere incident of the judgment." It need not be determined, when the judgment dissolving the marriage is entered, providing the right to have it subsequently determined is reserved in the judgment. In that celebrated case the right to permanent alimony was litigated for twelve years after the judgment of divorce was granted. The plaintiff may omit from the complaint all reference to alimony, and not thereby prejudice her right to claim it, if she succeeds in the action, providing she asserts her demand for it before the entry of judgment. In fact the orderly conduct of the cause would require the *delictum* of the husband to be first established by the verdict of the jury or the finding of the court or referee before an inquiry into

the allowance for alimony could be properly entered upon. Such was the practice approved by the Chancellor (*Cooledge* v. *Cooledge*, 1 Barb. Ch. 77), and in his court a decree of divorce might be immediately entered, when the husband's guilt had been proven and found, reserving to the complainant the right to a proceeding upon the foot of the judgment for alimony.

In ordinary practice the demand for alimony is incorporated in the complaint with appropriate averments, and the evidence relating to it on both sides taken upon the trial of the principal issue, where it is had before the court, or a referee, but if the defendant insists upon his right to a jury trial, there would be a manifest impropriety in taking in their presence the testimony relating to the question of alimony. The practice to be pursued in each case must be left in a great measure to the sound discretion of the trial court. In Bishop on Marriage and Divorce (vol. 2, § 487, 6th ed.), it is stated that " In principle, the proceeding for alimony being collateral to the main issue, whereof it is not necessarily a part, and the hearing on the question being practically or permissively subsequent, and a separate allegation of faculties with a prayer for the alimony being in practice esteemed requisite, no rule either of law or of propriety requires that the same shall be also inserted either in the libel or the answer. But singularly this question as to the form of the libel or answer seems not to have arisen in any American reported case." It must, therefore, we think, be admitted that there was not set up in the divorce suit any separate substantive cause of action or defense, upon the trial of which the question of fraud, or undue influence, or coercion, or legal duress in procuring the assent of the plaintiff to the deed of separation, could be properly tried and finally determined. The defendant unquestionably had the right to put in evidence upon the inquiry as to a just allowance for alimony the separation agreement, to show what provision he had already made for his wife's support, and to prove any circumstance which might aid the court in reaching a correct conclusion

upon that question; but when the *factum* of the instrument was admitted, we do not think it was competent for the parties to impeach it in that action by extrinsic evidence. At least the court had the power to decline to receive such evidence, because the proper parties were not before it to enable it to determine the issue which its introduction might raise and leave the plaintiff free to resort to an independent action to establish its invalidity.

It is not accurate to say that this court, upon the former appeal, decided that the plaintiff was not entitled to alimony. As the parties had, by an agreement lawful in form and apparently valid, stipulated as to the amount which the husband should pay for the support of the wife, that agreement, it was held, so long as it remained unrevoked, was the proper measure of compensation which the defendant should render for her maintenance after the dissolution of the marriage tie. Alimony, in its primary signification, means a provision for support. When used in the law the term has reference to the provision which the husband is required to make for the support of his wife. In its enlarged sense, the provision in the deed of separation is alimony. It is evidently so regarded in the opinion of this court upon the former appeal, and the thought is emphasized in the statement that there is no precedent for " a further allowance while that agreement is in force." That decision is authority for two propositions, which must be accepted as the law of this case : *First*, that the deed of separation cannot be annulled in an action to which the trustee is not a party; and *second*, that while it remains unimpeached, it must be the measure of the allowance for the support of the plaintiff, which the defendant shall pay. It plainly suggests the necessity for a resort to the remedy which this action contemplates, if the plaintiff deems the enforcement of the agreement inequitable because of the manner in which its execution was obtained.

If the plaintiff, upon the trial, establishes to the satisfaction of the trial court, a state of facts sufficient, under the rules of equity, to authorize the cancellation of the deed of separation,

she will then be in a position where she can invoke the determination of the court upon the question of a suitable allowance for alimony. It will not be necessary to open the judgment in the divorce suit for that purpose. By force of its own provisions the court has reserved the power to modify it in this respect, and the only obstacle to the exercise of the power is the existence of the deed of separation. It is not deprived of this power by anything contained in the remittitur upon the former appeal, and the defendant could not by an *ex parte* entry of judgment enlarge the scope of the decision of this court, as evidenced by the record which it has sent down.

The plaintiff cannot be required to restore to the defendant what she may have received as a condition of obtaining the relief which she seeks. The compensation she has received is simply the equivalent of the support which the defendant was legally bound to provide for her while the marriage relation continued, and which he was equitably bound to furnish when it was dissolved because of his infidelity to it. Even the use of the $5,000 intended for the purchase of a house and lot was only the equivalent of a home which it was his duty to provide her with, and the principal of the sum can be taken into account in determining the allowance to be made, and the plaintiff in her complaint consents to a deduction for moneys received under the agreement. The rule, which requires a party seeking to rescind a contract on the ground of fraud or other wrong, to restore or offer to restore the fruits of it before rescission will be decreed, has no application here. It rests upon equitable considerations, which disappear in a case like the present, where nothing has been received, except as a substitute for the discharge of a duty by the adverse contracting party, and from the performance of which he has been absolved during the existence of the contract. If upon the trial a case is made for relief, it is not seen how it can antedate the commencement of this action. The effect of the former decision is to render the separation agreement conclusive upon the plaintiff as to the amount of her allowance out of her husband's estate, until she becomes the actor in some

action or proceeding like the present to terminate it, and if successful in the pursuit of the relief which it may afford, the court can allow such sum as may be equitable and just from the date of the commencement of this action, and may modify the judgment in the divorce suit accordingly.

The judgments of the General and Special Terms must be reversed, with costs, and the demurrer to the complaint over-ruled with costs, and the defendant have leave to answer upon payment of costs within sixty days after service of a certified copy of the order making the judgment of this court the judgment of the court below.

All concur, except EARL, J., not voting.

Judgment accordingly.