### NOBLE v. NOBLE.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. DIVORCE—ALIMONY AFTER FINAL DECREE.
   Although alimony, unless provided for in the final judgment, cannot be awarded by subsequent order, yet the provision essential as the basis of a subsequent order is not necessarily the allowance by specific mention of a definite sum.

2. SAME—RESERVATION IN DECREE.
   A reservation in a decree of divorce granting plaintiff leave to apply "for such other provision, touching an allowance or otherwise," as any change in the circumstances of the parties might require, authorized a subsequent application for an allowance for alimony, and for the support and education of children.

3. SAME—MODIFICATON OF ORDER.
   Where a decree of divorce provides for a modification or further order regarding alimony if the circumstances of the parties should change, the establishment of a change of circumstances is a prerequisite to a modification of the decree.

Appeal from special term, New York county.

Action by Frances J. Noble against Frederick H. Noble for divorce, in which a decree was granted for plaintiff. Plaintiff's motion for an order modifying the decree was denied, and she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and PARKER, JJ.

Howe & Hummel, for appellant.
C. H. Kelby, for respondent.

PATTERSON, J. The order appealed from was made on the denial of a motion of the plaintiff for a modification of a decree of divorce entered in her favor against the defendant, and by which she asked that provision be made for the payment to her by the defendant of a sum of money for the maintenance and support of herself, and of her two infant children, who are in her custody and under her control. She sets forth her inability to provide for and support the children. In the decree of divorce referred to, no express provision was made either for alimony to the plaintiff or for the support, education, or maintenance of her children. But those matters were not left totally unprovided for, it being inserted in the decree as one of its provisions that the plaintiff "may apply at the foot of this judgment, as she may be advised, for such other provision, touching an allowance or otherwise, as any change in the circumstances of the parties may require." It is the settled law of this state that, unless alimony is provided for in the final judgment, it cannot be awarded by subsequent order, but providing for alimony does not necessarily mean the allowance by specific mention of a fixed and definite sum. Section 1759 of the Code of Civil Procedure relates to modifications of provisions as to alimony made in a judgment. Section 1771 of that Code relates to applications before final judgment, or modifications of final judgments, containing provisions for the support and maintenance of children only. This application in its nature, and under the circumstances of the case, seems to come within the purview of the Code. There is a reservation of power in the decree to make a further order for allowance, and the reservation is sufficiently broad to allow an application of this character to be made. In Galusha v. Galusha, 138 N. Y. 281, 33 N. E. 1062, it is said that alimony need not be determined when the judgment dissolving the marriage is entered, providing the right to have it subsequently determined is reserved in the judgment. And in Stahl v. Stahl, 12 N. Y. Supp. 855, it was held by the general term of the supreme court "that the reservation of this right, being part of the original decree, was designed to continue the subject to which it related within the jurisdiction of the court, and was in effect a continuation of the power of the court over the subject and the parties, and was not as to alimony a final judgment." These views are sufficient to indicate that the learned judge below was mistaken in applying to the decision of this application the doctrine of the case of Kamp v. Kamp, 59 N. Y. 212, and similar cases. But the papers, as they were presented to the court below, would not have justified the granting of any specific sum, nor a determination of the motion in the plaintiff's favor, on the merits. There was nothing to show that the defendant's circumstances had changed since the decree of divorce was entered; and that is something that must be shown, to entitle the plaintiff to a modification of the decree or to a further order.

The order therefore must be affirmed, but, under all the circumstances of the case, without costs, and without prejudice to the plaintiff to make a new motion upon proper papers, as she may be advised.

RUMSEY, INGRAHAM, and PARKER, JJ., concur. VAN BRUNT, P. J., concurs in result.