# Lawrence *v.* Lawrence.

### *Bill in Equity for Divorce.*

1. *Decree for alimony; will not support an appeal.*—An interlocutory decree allowing a wife, who is complainant in a bill seeking a divorce from her husband, alimony *pendente lite,* will not support an appeal; and assignments of error based upon such decree are properly stricken by the Supreme Court on motion.

2. *Bill for divorce; sufficiency of averments of husband's adultery.* Where a bill is filed by a wife against her husband, seeking a divorce upon the ground of adultery, the averments in said bill that complainant has "only recently obtained knowledge of the unfaithfulness of the husband to his marital vows to her," and has learned that he "has been, and is now guilty of adulterous acts with a certain named woman," and "that respondent practically resides with said named woman," and "continues such illicit intercourse with her," constitute a sufficient averment of the fact of respondent's adultery.

3. *Bill for divorce and alimony; when insufficiency of averment of respondent's financial condition waived.*—Where a bill is filed

[Lawrence v. Lawrence.]

by a wife seeking a divorce from her husband, and asking for temporary and permanent alimony, and after a reference has been had before the register under order of the court to ascertain what property was owned by the respondent, at which reference the respondent appeared and filed exceptions to the report made, a demurrer is filed questioning the sufficiency of the averments of the bill as to the financial ability of the respondent to provide alimony, such demurrer comes too late, and the objection sought to be raised will be considered as having been waived.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellee, Mrs. D. E. Lawrence, against the appellant, D. N. Lawrence, who was complainant's husband, and prayed that the complanant be divorced from the respondent, and that temporary and permanent alimony, and solicitor's fees be allowed her.

The complainant averred in her bill that she and the respondent were duly and regularly married on September 17, 1891, and that they had lived together as man and wife since their marriage; that her husband's business was that of a traveling man, which took him from his home a great deal, and that his visits had become less and less frequent.

The bill then continued in its fourth paragraph as follows:

"4. Oratrix further alleges that she has only recently come into possession of knowledge of the unfaithfulness of the respondent to his marital vows to her, and has learned that respondent has been and is now guilty of acts of illicit intercourse, or adulterous acts, with one Mamie Vann, such being the name by which she goes. Oratrix alleges that respondent practically resides with said Mamie Vann, and continues such illicit intercourse with her. The oratrix has only recently found out that such were the facts and since such information has come into her possession, she has declined to treat him as her husband, or live with him as such, and has not in any other manner, or form, condoned or forgiven him for such offense or conduct."

[Lawrence v. Lawrence.]

In the fifth paragraph of the bill, the complainant avers that there had been born to her husband and herself a little girl who was at the time of the filing of the bill, ten years of age. The bill then continued in its 6th paragraph as follows:

"6. Oratrix further alleges that respondent is engaged in a profitable occupation, by which he makes ample means for the support of Oratrix, but furnishes practically nothing therefor; that respondent is well able to answer a decree of this court providing for alimony temporary and *pendente lite,* and for her solicitor's fee, and that he will not do so unless compelled so to do by this court."

During the pendency of the suit, and upon the petition of the complainant, the chancellor ordered a reference before the register to ascertain and report what would be proper alimony to be allowed the complainant *pendente lite,* and what would be a reasonable solicitor's fee for the prosecution of the suit. This reference was held, the report of the register was made, and the respondent filed exceptions to this report. Upon the submission of the case on the exceptions filed to the report of the register, the chancellor overruled the exceptions and confirmed the decree.

After the reference was held before the register, the respondent filed a demurrer to the bill of complaint, the grounds of which are sufficiently shown in the opinion. Upon the submission of the case upon this demurrer, the chancellor rendered a decree overruling said demurrer, and subsequently rendered a decree allowing temporary alimony to the complainant, pending the suit, and decreeing that the respondent pay the complainant's solicitor's fee as fixed in the report of the register. The respondent appeals, and assigns as error the rendition of the decree overruling the demurrers of the respondent, and by the 4th, 5th and 6th assignments of demurrer assigned the rendition of the decree allowing the complainant alimony and solicitor's fee. In this court there was a motion made by the appellee to strike the 4th, 5th and 6th assignments of error, upon the ground that such decree would not support an appeal.

[Lawrence v. Lawrence.]

BRANNEN & GARDNER & R. L. HARMON, for appellant. The decree rendered February 4, 1904, was clearly wrong in decreeing alimony to the complainant, and also in decreeing the payment of one hundred dollars, as solicitor's fees. It does not appear from the record that any proof was introduced to support this decree of the chancellor.—*Brindley v. Brindley,* 121 Ala. 429, 431.

A well recognized principle in divorce suits, uninfluenced by statute is, that "although alimony *pendente lite* should be allowed without an examination of the merits of the case, yet a *prima facie case must be shown in behalf of the wife,* and where she is the libellant or plaintiff, it should appear that the suit is brought in good faith, and not merely for the purpose of obtaining money from her husband; for if it appears that the suit is without just or reasonable foundation, or is prompted by malice or oppression towards her husband, or that the husband's success is very apparent, no allowance should be made to the wife."—2 Am. & Eng. Ency. Law (2d ed.), 101.

FOSTER, SAMFORD & CARROLL, *contra.*—The assignment of error questioning the decree allowing alimony and solicitor's fee, should be stricken.—*Jeter v. Jeter,* 36 Ala. 391; such an order may even be made pending an appeal in the case.—*Ex parte Key,* 27 Ala. 387.

TYSON, J.—The motion to strike the 4th, 5th and 6th assignments of error must be granted. These assignments are predicated upon an interlocutory decree allowing complainant alimony *pendente lite.* There is no statute authorizing an appeal from such an order. *Jeter v. Jeter,* 36 Ala. 391, 403. Furthermore, such an order, upon proper application, may be made by the chancellor pending an appeal of the cause in this court. *Ex parte King,* 27 Ala. 387.

The other assignments of error, insisted upon, complain of the overruling by the chancellor of the demurrer, comprised of five grounds, to the bill.

The first ground challenges the sufficiency of the allegations of the fourth paragraph of the bill because the fact of defendant's adultery with Mamie Vann is not averred, but a mere conclusion of the pleader is stated. It is charged in this paragraph "that respondent practically resides with Mamie Vann and continues such illicit intercourse with her." Following as it does the allegation that complainant "has only recently come into possession of the knowledge of the unfaithfulness of the respondent to his marital vows to her, and has learned that respondent has been and is now guilty of acts of illicit intercourse or adulterous acts, with one Mamie Vann," is a sufficient averment of the fact of respondent's adultery.

The other assignments of the demurrer question the sufficiency of the sixth paragraph of the bill which alleges that respondent is engaged in a profitable occupation by which he acquires ample means for the support of complainant, but furnishes practically nothing therefor; that he is well able to respond to a decree providing for temporary alimony and solicitor's fees, etc.

Section 1495 of the Code provides that: "Pending a suit for divorce, the court must make an allowance for the support of the wife out of the estate of the husband, suitable to his estate and the condition of life of the parties."

It has been frequently held that the benefit conferred by this statute upon the wife is a matter of right and not one within the discretion of the court. In order, however, for the wife to avail herself of the benefit conferred by the statute, we apprehend, that she must either by her bill—when she is complainant, or by her answer, when she is respondent, or by some other appropriate allegation of "faculties," as it is called, on the part of the wife, set out the estate of the husband, or that the husband has property out of which such an allowance can be granted.—*Lovett v. Lovett*, 11 Ala. 763, 771; 1 Am. & Eng. Ency. Pl. & Pr. pp. 421, 422.

It appears, however, by the record that the demurrer under consideration was filed after the chancellor had made an order referring to the register the matter of as-

certaining what property was owned and possessed by respondent, etc., etc., and after his appearance before the register on the reference held by him and after the register reported upon these matters to which report he excepted. Conceding the defectiveness of the allegations, the demurrer came too late. After acquiescing in the sufficiency of the allegation until all these things had occurred, he will not be allowed to raise the objection that they do not sufficiently show that he has an estate.—*Lovett r. Lovett, supra.*

Affirmed.