145 So. 495

## DREW v. DREW.
### 6 Div. 205.

Supreme Court of Alabama.
Jan. 12, 1933.

H. M. Abercrombie and Jarrett Abercrombie, both of Birmingham, for appellant.

**44**

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

### KNIGHT, J.

Appellant has here assigned for error three separate decrees rendered in this cause. The bill was filed by appellee (wife) against the appellant, her husband, seeking support money, but not a divorce, and in her bill she avers that her husband voluntarily abandoned her, through no fault on her part, and has failed and refused to adequately maintain her. In the fifth paragraph of the bill the complainant avers: "That the respondent is a locomotive engineer and is employed by the Southern Railway Company, and receives a monthly salary of approximately one hundred and seventy dollars."

The bill was subsequently amended by adding thereto an additional paragraph in words as follows: "That your complainant is now and has been since her abandonment by the respondent in necessitous and dire circumstances; that she has no estate of her own to maintain herself and has been and is now dependent upon the charity of friends for her food and shelter; that she is in a delicate state of health and is in need of medical attention, and that she has no means with which to procure the services of a physician."

It is here argued by appellant that the bill is defective in not averring that the respondent has an estate, and describing it, out of which the court can grant the allowance. In support of appellant's contention, our attention is called to the following cases: Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Lovett v. Lovett, 11 Ala. 763; Murray v. Murray, 84 Ala. 363, 4 So. 239, and Apperson v. Apperson, 217 Ala. 157, 115 So. 229.

While good pleading would seem to suggest that if the husband owns property, that fact should be averred in the bill; and if the bill was silent in that respect, and there was no averment otherwise showing that he had an income, no doubt the bill would be subject to demurrer. It is however the income of the husband that this court must deal with in granting alimony.

It may be that the appellant has no property; yet the bill avers that he is a locomotive engineer, in the employ of the Southern Railway Company, earning and drawing a monthly salary of $170. While the court can-

not compel him to labor and earn an income, yet, so long as he does earn and draw this salary, this court can, by its strong arm, require him to contribute some part of the same in discharging the moral and legal duty he owes, as husband of complainant, to her support. This duty he also owes to society. This obligation, as is well said in Murray v. Murray, 84 Ala. 363, 4 So. 239, 240, and reaffirmed in other pronouncements of this court, is not merely contractual. Its "disregard and breach partake largely of the nature of a tort. The chancery court may and does enforce their observance by attachment of the person of the husband, and this is not imprisonment for debt, within the prohibition of our constitution." Lyon v. Lyon, 21 Conn. 185; Ex parte Hardy, 68 Ala. 320; Chase v. Ingalls, 97 Mass. 524; Logan v. Logan, 2 B. Mon. 142; Wightman v. Wightman, 45 Ill. 167; Grimm v. Grimm, 1 E. D. Smith (N. Y.) 190.

In the case of Gibson v. Gibson, 203 Ala. 466, 83 So. 478, 479, the Chief Justice of this court, in commenting upon, and quoting from Murray v. Murray, supra, says: "Yet we have also held that in arriving at the proper amount of alimony the court should take into consideration the age, vigor, and other earning capacity of the man." And of course, if he was earning and drawing a salary, this should be taken into consideration, in determining and fixing the amount of alimony to be allowed.

And in the case of Ex parte Whitehead, 179 Ala. 652, 60 So. 924, it is said, in an opinion by the late Justice Sayre: "If an allowance for alimony pendente lite ought to be limited with reference to the earning capacity of petitioner's invested capital, the amount decreed would be considered excessive. But petitioner's earning capacity is not *limited to his income from invested capital.* He is young and vigorous and has been actively engaged in business, earning on an average, as we roughly estimate, from $150 to $175 a month, probably a good deal more. The wife has no other source of income whatever, and is dependent upon the provision the court may make for her. Petitioner's idea that the court ought not to consider his personal earning capacity apparently concedes that if it might be properly taken into account the allowance is not excessive. *That is not our opinion as to the law of the case.* The allowance may be based upon the husband's earnings or his ability to earn money in connection with all the circumstances of the case. 1 Bish. Mar. & Div. (6th Ed.) § 457; 2 Am. & Eng. Encyc. 123. It is not at all difficult to see the inequity of the rule which would exclude personal capacity from consideration." (Italics supplied.)

Were the rule otherwise, a man with a salary of a thousand dollars per month, but otherwise without property, might escape the

payment of alimony, and throw upon society the burden of caring for and supporting his abandoned wife. To so hold would violate the plainest principles of justice and equity, and would amount to an open confession that the law and the courts of the state could and would afford no relief to the wife.

■ The bill does not aver that the husband owns property; yet it does show that he has not only earning capacity, but that he actually earns $170 per month. The bill was not subject to any ground of demurrer directed to it, and here argued.

■ The decree overruling respondent's demurrer to complainant's petition for reference, and the decree granting the motion for reference, are not appealable, and therefore appellant can take nothing by his assignments of error 2 and 3. Brady v. Brady, 144 Ala. 414, 39 So. 237; Ex parte Jones, 172 Ala. 186, 55 So. 491; Ex parte Jones, 168 Ala. 183, 53 So. 261; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Ex parte Edwards, 183 Ala. 659, 62 So. 775; Ex parte Eubank, 206 Ala. 8, 89 So. 656.

It follows, therefore, that the decree of the circuit court overruling respondent's demurrer to the bill of complaint as amended is due to be here affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.