1 So.2d 654

**NORRELL v. NORRELL.**

8 Div. 67.

Supreme Court of Alabama.
April 17, 1941.

Marion F. Lusk, of Guntersville, for appellant.

Scruggs & Creel, of Guntersville, for appellee.

BROWN, Justice.

This appeal is by the husband from a decree denying divorce on bill filed by the wife against him seeking a divorce a vinculo, on statutory grounds. Notwithstanding the divorce was denied, the decree granted alimony pendente lite, solicitor's fees, and permanent alimony, in the form of a personal judgment enforceable by execution which the decree orders to issue.

The jurisdiction invoked by the bill is statutory and limited, and the court is without power to decree a permanent allowance out of the husband's estate, when the court has denied a divorce. Such permanent allowance ex necessitate legis is incident to a decree of divorce. Code 1923, § 7418, as amended by Acts 1933, p. 119; Martin v. Martin et al., 173 Ala. 106, 55 So. 632; Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214; Tillery v. Tillery, 217 Ala. 142, 115 So. 27.

The allowance of alimony pendente lite was within the jurisdiction invoked by the bill, and at the time the decree of reference to the register was entered, was a matter of right under the provisions of the statute. Code 1923, § 7417; Edwards v. Edwards, 80 Ala. 97; Murray v. Murray, 84 Ala. 363, 4 So. 239. This statute has been amended by General Acts 1939, p. 52, leaving such allowance to the discretion of the court. That amendment does not affect the decree previously rendered.

The statute does not provide for the allowance of attorneys' fees. The propriety of such allowance is governed by the general principle making such allowance to depend upon good faith and the probability of success. Bulke v. Bulke, 173 Ala. 138, 55 So. 490. We are not of opinion that the evidence justifies this additional allowance. Ex Parte Watson, 220 Ala. 409, 125 So. 669.

The decree of the circuit court in so far as it allows permanent alimony and solicitor's fees is reversed, and a decree will be here rendered denying such relief.

The decree in so far as it allows alimony pendente lite is affirmed. Appellant will pay the costs of the appeal.

Reversed and rendered in part; and in part affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.