5 So.2d 97

SEARCY v. SEARCY.

4 Div. 227.

Supreme Court of Alabama.

Dec. 18, 1941.

A. Whaley, of Andalusia, for appellee.

FOSTER, Justice.

Demurrer was overruled to a petition to modify a decree fixing what in that decree is termed "permanent alimony." The decree had been rendered on February 26, 1941. The petition to modify was filed July 2, 1941. The bill had sought a divorce at the suit of the husband, and the wife had filed a cross-bill seeking alimony without divorce.

The court denied a divorce on the original bill, but granted alimony on the cross-bill. After a reference was held, the court fixed the amount of the alimony (or separate maintenance, to use a more exact term) at $75 a month, calling it "permanent," but payable "until the further orders of the court." It was a final decree in that cause, none the less so because the support provision was made subject to the further orders of the court. Rogers v. Rogers, 215 Ala. 259, 110 So. 140. It was an adjudication upon the facts which then existed, and is conclusive as to that status unless reversed on appeal. Any modification must be based on facts which have arisen since the rendition of the decree. Rearden v. Rearden, 210 Ala. 129, 97 So. 138; Clisby v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am.St.Rep. 110; Epps v. Epps,

Powell & Fuller and Frank J. Tipler, all of Andalusia, for appellant.

218 Ala. 667, 120 So. 150; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; Ex parte Allen, 221 Ala. 393, 128 So. 801.

As pointed out in the case of Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654, there is no jurisdiction in the court to grant "permanent alimony" without a divorce. A court of equity has jurisdiction to make an allowance for separate maintenance without a divorce either sought or granted. But permanent alimony is inconsistent with the continued relation of the marriage status.

While the decree in this case calls the allowance "permanent alimony," it is only so named, but not so in essence. It is a provision for maintenance subject to the further orders of the court. We will not therefore give controlling significance to the name given to it in the decree. When the decree is for separate maintenance without divorce, the court can on petition make inquiry and determine whether there are any equitable considerations which are dependent upon subsequent events whereby the husband should be relieved in whole or in part of unpaid installments past due, or a modification made as to future payments. There is a distinction here drawn between that situation and one in which installment payments were decreed as permanent alimony allowed on divorce. Rochelle v. Rochelle, supra; Atkinson v. Atkinson, 233 Ala. 125, 170 So. 198; Johnson v. Johnson, 195 Ala. 641, 71 So. 415.

The petition in this case not only sought a modification as to future payments on account of certain alleged changed conditions, but also sought to have her charged with the value of certain personal property which he claims she sold since the rendition of the decree. In a proceeding which resulted in a decree for separate maintenance this is permissible. Atkinson v. Atkinson, supra.

We think the demurrer to the petition was overruled without error insofar as such questions are concerned.

Affirmed.

GARDNER, C.J., and BOULDIN and LIVINGSTON, JJ., concur.