10 So.2d 664

**SMITH v. SMITH.**

2 Div. 184.

Supreme Court of Alabama.

Nov. 27, 1942.

A. S. Johnson, of Thomasville, for appellee.

Thos. H. Boggs, of Linden, for appellant.

FOSTER, Justice.

This appeal is by the respondent in a bill in equity in the nature of a bill of review of a decree of divorce rendered in the same county and in the same court in which the present bill was brought. Demurrer was overruled.

Appellant has argued several matters which are claimed to show error in the ruling.

The first contention is raised by the third ground of demurrer, that is, in substance, that it does not allege that defendant was a resident of the county in which the present bill was filed. This ground may sufficiently raise the question of venue, though a general ground for want of equity is not alone sufficient. Kyser v.

American Surety Co., 213 Ala. 614, 105 So. 689. But such a general ground does not waive another ground which duly makes the point as to venue. Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

But the contention is not well sustained. While such a bill need not necessarily be filed in the county in which the decree under attack was rendered (Fox v. Fox, 235 Ala. 338, 179 So. 237), this does not mean to set aside the principle that it may also be filed in the same county in which the decree was rendered. Shrader v. Walker, 8 Ala. 244; Butler v. Butler, 11 Ala. 668; section 294, Title 7, Code of 1940.

The next contention is that the allegations of fraud are not sufficient to meet the strict rule applicable to such form of relief. Admitting the strictures of the rule so often stated, it is our opinion that the allegations of the bill are amply sufficient. Miller v. Miller, 234 Ala. 453, 175 So. 284; Id., 238 Ala. 228, 189 So. 768; Fox v. Fox, supra.

Appellant also contends that the bill shows negligence on the part of complainant and laches in filing the suit. No negligence appears, and it was filed within three years after the rendition of the decree sought to be vacated. This is sufficient by analogy to the time limit in Equity Rules Rule 66, Chancery Practice, Code of 1940, tit. 7, appendix (section 6608, Code of 1923); Heflin v. Ashford, 85 Ala. 125, 3 So. 760; Nichols v. Dill, 222 Ala. 455, 132 So. 900; Cunningham v. Wood, 224 Ala. 288, 140 So. 351. To this limit there is added the features of section 42, Title 7, Code of 1940 (section 8966, Code of 1923), where applicable. But with that we are not here concerned. That statute when applicable serves as an additional period, not a limitation. Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73 (24).

The bill was also for supplementary relief and sought a divorce, alimony and custody of the children. To this aspect of it, demurrer was interposed. We will treat the demurrer on the theories advanced in brief for appellant.

The first contention is that as a bill for divorce it does not appear from it either that defendant resides in Marengo County, or that the parties resided in that county when the separation occurred, as required by section 28, Title 34, Code of 1940, citing Pucket v. Pucket, 174 Ala. 315, 56 So. 585.

There are two good and sufficient answers to the contention. One is that if the bill for review is properly filed in Marengo County that court in the same proceeding may decree such collateral and supplementary relief as may do complete equity between the parties in respect to the subject matter (as manifested in Fox v. Fox, supra), and it would be immaterial whether a bill for such supplementary relief taken alone could properly be maintained in that county.

Moreover, the bill in substance alleges that both parties resided in Marengo County at the time of the separation. This meets the requirements of the statute as emphasized in Pucket v. Pucket, supra.

Objection to the bill is also made on the ground that it does not state the value of the land of respondent nor his ability to pay the permanent alimony which is sought.

This Court in Drew v. Drew, 226 Ala. 43, 145 So. 495, in a suit for separate maintenance observed that good pleading would seem to suggest that if the husband owned property that fact should be averred in the bill, or that he otherwise has an income. And in Jones v. Jones, 228 Ala. 178, 153 So. 203, in a similar suit, the old cases are cited to show that an allegation of "faculties" is necessary in a suit for permanent alimony,—citing Lovett v. Lovett, 11 Ala. 763, Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379, and Drew v. Drew, supra.

But the averments in this respect need not be with great particularity or detail. The court will make due inquiry and ascertain these details. See 17 Amer.Jur. 463, section 588.

It is sufficient in a divorce suit also seeking permanent alimony to allege the general nature of defendant's property and where it is situated to sustain that aspect of it which seeks permanent alimony. It must not be overlooked also that earnings and earning capacity may be taken into consideration. Epps v. Epps, 218 Ala. 667, 120 So. 150.

In so far as any question raised by appellant is here concerned, we think there was no error in overruling the demurrer to the bill, and to the various aspects of it to which the demurrer was directed.

Affirmed.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.