77 So.2d 336

Lassie Noel NORTHCUTT

v.

Flora NORTHCUTT.

5 Div. 600.

Supreme Court of Alabama.

Dec. 2, 1954.

Rehearing Denied Jan. 13, 1955.

Atkinson & Bashore, Clanton, for appellant.

Alvin B. Foshee, Clanton, for appellee.

STAKELY, Justice.

Flora Northcutt (appellee) filed her bill for a divorce against Lassie Noel Northcutt (appellant) on a statutory ground and prayed for a dissolution of the bonds of matrimony heretofore existing between complainant and respondent and for "such other, further, different and general relief that she may be entitled to in equity and good conscience."

The respondent filed an answer denying each and every allegation of the bill, waived notice of the interrogatories filed by the complainant and the right to cross them and consented that the cause be submitted for decree on the note of testimony to be made by the register.

A final decree was made by the court granting a divorce from the bonds of matrimony and an allowance to the complainant of $15.00 per week as support or alimony." The decree was dated February 28, 1953.

On June 29, 1954, Lassie Noel Northcutt filed his application for a vacation of that portion of the final decree dated February 28, 1953, which granted an allowance "for support or alimony." On June 29, 1954, the complainant filed a motion to strike the application of Lassie Noel Northcutt. On July 1, 1954, the court entered a decree denying the respondent's application and sustaining the complainant's motion to strike the aforesaid application. The appeal here is from this decree.

■■ I. The appellee has filed a motion to dismiss the appeal on the ground that the decree from which the appeal was taken will not support an appeal. There is no merit in this position. In the case of Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, 119, this court said:

"There seems to be no conflict in our cases as to the proper mode of review where the trial court has refused to vacate the original decree. The remedy is by appeal. * * *"

Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Robinson Company v. Beck, 261 Ala. 531, 74 So.2d 915.

II. Coming then to the merits of the question, it appears that we have a final decree granting a divorce on an appropriate ground and including in the decree an allowance of permanent alimony. There are no allegations in the bill showing anything with reference to the estate or earnings of the respondent or the estate of the complainant. There is no specific prayer in the bill for permanent alimony. Under the circumstances should we say that the decree granting permanent alimony is void?

We want to make it clear that we are not here dealing with the duty which would devolve on this court in the event of an appeal in this situation but are solely concerned with the question as to whether on collateral attack we should hold the provision in the decree granting permanent alimony under the aforesaid circumstances as being invalid.

■■ Under the authorities in this state permanent alimony, as provided in §§ 31 and 32, Title 34, Code of 1940, is an incident to a decree of divorce. Norrell v. Norrell, 241 Ala. 170, 1 So.2d 654; Searcy v. Searcy, 242 Ala. 129, 5 So.2d 97. There is, therefore, no doubt that when the complainant filed her bill for absolute divorce the jurisdiction of the court was invoked to make a grant of permanent alimony. But could the court grant permanent alimony where there is no prayer except for divorce and for general relief and where the allegations of the bill only show a ground for absolute divorce?

We find no case in this state which presents this exact question nor have counsel

been able to refer us to any Alabama case which seems to settle the question. There are a good many authorities, however, in other jurisdictions on the question and such authorities have been assembled in an annotation which appears in 152 A.L.R. 445. The annotation shows that the usual and better practice is to incorporate a demand for alimony in the original bill or cross bill, but it further shows many cases from a considerable number of jurisdictions where it was held that where the bill for divorce contained a prayer for general relief, a demand for alimony is not an essential part of the cause of action but merely incidental thereto and permanent alimony may be awarded even in the absence of specific request therefor in the original bill. There is no need to set out these various cases but we refer to one or two of these authorities. In Cohen v. Cohen, 150 Cal. 99, 88 P. 267, 11 Ann.Cas. 520, it was held that the decree for alimony was not void nor subject to collateral attack under circumstances similar to the case at bar. In Galusha v. Galusha, 138 N.Y. 272, 33 N.E. 1062, 1063, the court said:

"The demand for alimony in a divorce suit is not an essential part of the cause of action. As described by Bishop it is merely an 'appendage' of the action, * * * or where it enters into the final decree it is, as defined by this court * * *, 'a mere incident of the judgment.' * * * The plaintiff may omit from the complaint all reference to alimony, and not thereby prejudice her right to claim it * *."

See also 17 Am.Jur. § 588, p. 463; 27 C.J. S., Divorce, § 251, page 1028; 19 C.J. p. 285—footnote.

■ It will be noted that in the case at bar the respondent entered a general appearance. The court, therefore, had jurisdiction to enter a personal decree against the respondent.

■ Equity Rule 11, Code 1940, Tit. 7 Appendix, provides that "The bill must contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition, the averments being divided into sections of convenient length for answering, and numbered consecutively, 1, 2, etc. * * * The bill must conclude with a prayer for the relief to which the plaintiff deems himself entitled, which may be in the alternative if deemed proper, and a prayer for general relief. * * *" We do not consider that the rule is contrary to what has been said when we keep in mind that we are not dealing with a decree reversible on appeal but are simply considering the validity of a decree on collateral attack. It may be, as pointed out by Mr. Sims in his work on Chancery Pleading and Practice at page 179, that the proper reason for adopting the prayer for specific relief was to protect the defendant from surprise and as against demurrer the respondent must be distinctly informed as to the nature of the case he is called upon to defend. Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 60 So.2d 823. In Alabama, however, the cases follow the theory that any relief is grantable under the general prayer which is in accord with the case made by the bill. May v. Lewis, 22 Ala. 646; Munford v. Pearce, 70 Ala. 452; Rosenau v. Powell, 173 Ala. 123, 55 So. 789; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084.

■ In view of the fact that permanent alimony is an incident to a bill for divorce as shown by the authorities cited supra, we do not consider that since there was a prayer for general relief in the present bill, even though there was no prayer for specific relief, that there is such a violation of Equity Rule 11 as militates against the validity of the decree in this case on collateral attack.

We conclude that the decree granting permanent alimony is a valid decree and is not subject to the collateral attack here made. The result is that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.

On Rehearing

STAKELY, Justice.

■ On application for rehearing it is very earnestly insisted that we have overlooked some important considerations in the original opinion. Our statement that the attack in this case is collateral is assailed, the position of the appellant being that the attack is direct. Appellant's position is not correct. The attack in this case on the portion of the decree providing for permanent alimony was made long after the court had lost jurisdiction over its decree. There is no allegation, however, that the decree was founded on fraud, accident or mistake. In Johnson v. Johnson, 182 Ala. 376, 62 So. 706, 709, it was said: "In this state it is settled that any attempt to impeach and annul a judgment other than by a direct appeal, or by a direct proceeding in the court that rendered the judgment, before the expiration of the term at which it was rendered, is a collateral attack. Friedman v. Shamblin, 117 Ala. 454, 466, 23 So. 821. This, of course, does not deny the well-settled jurisdiction of equity to review judgments founded on fraud, accident, or mistake and to review final judgments and decrees in a few cases as prescribed by statutes. But, in the aspect under present consideration, the bill does not escape the ban of the general rule stated, and its attack on the decree must be regarded as collateral and therefore unavailing." Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 161, 131 So. 14; Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831.

■ It is further argued that the original opinion in effect overrules the rule of law laid down in Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Drew v. Drew, 226 Ala. 43, 145 So. 495, and Smith v. Smith, 243 Ala. 488, 10 So.2d 664. What we have said is not intended to militate against the holding in the foregoing cases. Where the question is appropriately raised while the court has jurisdiction of the cause an allegation alleging "faculties" on the part of the opposite party when permanent alimony is sought, is a necessary allegation. But we point out again that we are dealing here with the sufficiency of the allegations to support a claim of permanent alimony where the question is raised on collateral attack and long after the court has lost jurisdiction of the cause.

■ It is claimed that our holding will lead to great abuses and perhaps fraudulent decrees. We simply say that when a party enters a general appearance in a cause and thereby submits himself to the jurisdiction of the court and agrees, as was done in this case, that testimony be taken and the case submitted without further notice to the party, it is incumbent on the party to keep up with the cause as long as the court has jurisdiction and see to it that a decree is not rendered which is improper or not in accordance with an understanding between the parties. Although what we now say is not said to buttress the original opinion, it is true that in the present case prior to the entry of the decree the parties agreed on permanent alimony in the amount of $15 per week and after an entry of the decree the appellant for something over a year made payments substantially in accordance with the decree.

The application for rehearing is overruled.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.