In the Matter of LEO M. KENNIFF, Appellant, against ROBERT F. WAGNER et al., Constituting the Board of Estimate of the City of New York, Respondents.— Appeal by petitioner from an order denying his application under article 78 of the Civil Practice Act to annul a determination of respondents approving the selection of a certain school site, and granting their cross motion to dismiss the petition. Order unanimously affirmed, without costs. On the argument of the appeal, the corporation counsel withdrew his contention that an article 78 proceeding would not lie. Accordingly, at the request of the parties, the appeal has been determined on the merits. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

In the Matter of MADELYN LANG, Petitioner, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Respondents. — Proceeding pursuant to article 78 of the Civil Practice Act, to review the determination of the State Liquor Authority revoking petitioner's restaurant wine license and prohibiting the issuance of a new license at the same premises for a period of twenty-four months. The proceeding has been transferred to this court, pursuant to section 1296 of the Civil Practice Act. Determination unanimously confirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

ANNA LEVY, Respondent, v. ISAAC LEVY, Appellant. (Action No. 1.) ISAAC LEVY, Plaintiff, v. ANNA LEVY, Defendant. (Action No. 2.) — Action No. 1 was instituted for separation in Kings County. Plaintiff in that action was granted $50 a week temporary alimony. Before a note of issue was filed, the parties agreed to resume their marital relationship and entered into a stipulation discontinuing the action. The stipulation was prepared by the wife's attorney, and was signed by both parties. About six months later the husband instituted Action No. 2 in Orange County, the domicile and residence of both parties, for annulment of their marriage on the ground of fraud or, in the alternative, for separation. The wife thereupon moved to vacate the stipulation of discontinuance in Action No. 1 and to consolidate Action No. 2 with Action No. 1 and transfer it to Kings County, on the grounds: (1) that the stipulation was not signed by the attorneys for the parties, as required by rule 301 of the Rules of Civil Practice; and (2) that her husband induced her to enter into the stipulation by fraud and misrepresentation. The court granted the motion, and the husband appeals. Order reversed, without costs, and motion denied. It was clearly intended to terminate Action No. 1 by the stipulation of discontinuance. Under the circumstances herein, the failure of the attorneys for the parties to sign the stipulation was a mere irregularity which does not render the stipulation invalid. (*Manufacturers Mut. Fire Ins. Co.* v. *Hopson,* 176 Misc. 220, affd. 262 App. Div. 731.) The court should not have vacated this stipulation summarily on motion and on conflicting affidavits. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435.) Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.