■ GEORGE SCHUBEL, Appellant, v. BERNARR MACFADDEN FOUNDATION, INC., Respondent.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ. Motion for reargument denied, with $10 costs. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See *ante,* p. 686.]

■ RUTH COHEN, Respondent, v. MAX COHEN, Appellant.— On June 4, 1956 this court modified a judgment of separation in favor of the respondent and at the same time dismissed an appeal from an intermediate order which vacated a stipulation settling and discontinuing the action and restored the case to the calendar for trial. The ground of the dismissal of the appeal was that appellant had waived his right to appeal (*Cohen* v. *Cohen,* 2 A D 2d 680). The Court of Appeals reversed the judgment and remitted the case to this court for a determination of the appeal from the order, holding that the right to appeal had not been waived (*Cohen* v. *Cohen,* 3 N Y 2d 339). Judgment and order of the Special Term reversed, without costs, and motion denied. The stipulation of settlement and discontinuance, entered on the record in open court, terminated the action. Under the circumstances presented, the Special Term should not thereafter have summarily vacated the stipulation on respondent's motion. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435; *Manufacturers Mut. Fire Ins. Co.* v. *Hopson,* 176 Misc. 220, affd. 262 App. Div. 731, affd. 288 N. Y. 668; *Levy* v. *Levy,* 284 App. Div. 983; *Hegeman* v. *Conrad,* 284 App. Div. 969; *Bennett* v. *Bennett,* 285 App. Div. 831.) Since the stipulation must be held subsistent, and since it is valid on its face, there is no foundation for the judgment in respondent's favor. (Cf. *Galusha* v. *Galusha,* 138 N. Y. 272, 283; *Goldman* v. *Goldman,* 282 N. Y. 296, 300–302; *McAvoy* v. *McAvoy,* 272 App. Div. 1100; *Nusbaum* v. *Nusbaum,* 280 App. Div. 315.) Nolan, P. J. Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.